In Re RELIABLE DRYWALL, INC., an Arizona corporation, Debtor(s).

M&M CATTLE COMPANY, a Partnership, consisting of Rex G. Maughan and Elmo G. Matthews, Plaintiff(s),

v.

RELIABLE DRYWALL, INC., an Arizona corporation, Defendant(s).

Bankruptcy No. 80–490 PHX–Y.
Adv. No. 82–316 VM.

United States Bankruptcy Court,
D. Arizona.

May 14, 1982.

P. Michael McKnight, Phoenix, Ariz., for plaintiff.

Howard C. Meyers, Phoenix, Ariz., for defendant.

MEMORANDUM DECISION

VINCENT D. MAGGIORE, Bankruptcy Judge.

This case comes before this court on a complaint to lift a stay. Properly, this request was filed to allow the foreclosure to commence. The plaintiff, M&M Cattle Company, holds a valid deed of trust on

property encumbered with several liens including a mechanic's lien held by the debtor, Reliable Drywall Inc. The plaintiff, in 1980, commenced an action in the Superior Court to judicially foreclose the deed of trust lien against Sun America Developers, the owner of the property and others, including the debtor. The debtor had recorded a notice and claim of mechanic's lien for $4,800.00 against the real property prior to filing its petition.

In February of 1980, Reliable filed a debtor's petition under Chapter 11. On March 24, the debtor obtained an order for relief upon conversion to a Chapter 7.

In July of 1980, Sun American Developers, the holders of the property, also filed a debtor's petition under Chapter 7. On August 12, 1981, the Bankruptcy Court gave a judgment of abandonment which is subject to dispute in the instant case.

The plaintiffs filed this complaint alleging that since no action was taken by Reliable Drywall to foreclose on its notice and claim of lien, the statute of limitations has run and any action is now barred. The plaintiffs request that this court determine the debtor's claim to be extinguished and allow the plaintiff to proceed with his foreclosure action in state court. Reliable raised the defense of tolling the statute of limitation applicable under 11 U.S.C. § 108.

ISSUE:

1. Are the defenses of tolling the statute of limitation under 11 U.S.C. § 108 applicable.
2. Should the Bankruptcy Court abstain and remand the matter to the State Court after Reliable's lien is extinguished by this court.

The answer to both is yes.

■ This is a case of first impression. Two companies, Reliable Drywall and Sun America filed petitions before the U. S. Bankruptcy Court. Reliable filed in February of 1980 and Sun America in July of 1980. Reliable, prior to filing had filed a mechanic's lien on property owned by Sun America. At the time of filing, Reliable had noticed a mechanic's lien as required by

Arizona law A.R.S. § 33–993. To this date, Reliable has failed to make any effort to foreclose. Arizona law requires commencement of foreclosure six months after filing A.R.S. § 33–998. 11 U.S.C. § 108 derived from the old Bankruptcy Act 11 U.S.C. § 11 permits the trustee, when he steps into the shoes of the debtor, an extension of time to file an action in order to preserve the debtor's rights. Such statute extends any state limitation law commencing or continuing action by debtors for two years after the date of order for relief; it also allows for a suspension of action in applicable matters, whichever occurs later.

■ There is no question that Reliable had two years from the time of its order of relief to extend the six month limitation invoked by A.R.S. § 33–998. The trustee of Reliable seems to take the position that he has a right to both the Sun America and the Reliable bankruptcy dates to effect the extension of the limitation. *This should not be.* The statute 11 U.S.C. § 108(a)(2) seems to limit the trustee to the rights under his particular action and only the dates applicable to this action are relevant. He cannot step into the shoes of the trustee of another bankruptcy action. In the instance of Reliable's rights, therefore, his two year limitation was over on March 24, 1982.

■ However, under 11 U.S.C. § 108(a)(1) the trustee in certain instances can extend past the two-year period if his rights to proceed were suspended and he, because of an *external* reason, could not proceed. In this case, the trustee was not prevented from taking action because of external reasons. He could have requested, in the Sun American case which had jurisdiction over the property until abandonment, for relief under Section 362. He also could have foreclosed in the bankruptcy court. 28 U.S.C. § 1461.

The facts do not indicate any external condition suspending his rights, therefore, 11 U.S.C. § 108 automatically extinguishes his rights.

The foregoing shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 752.