In re NORTHERN SPECIALTY SALES, INC., an Oregon Corporation, Debtor.

NORTHERN SPECIALTY SALES, INC., an Oregon Corporation, Plaintiff,

v.

INTV CORP., a California Corporation; Intellivision, Inc., a New York Corporation; Tangible Industries, Inc., a New York Corporation; and Revco D.S., Inc., a Michigan Corporation, Defendants.

Bankruptcy No. 83–24155–BR.
Adv. No. 85–0360H.

United States Bankruptcy Court, D. Oregon.

Jan. 27, 1986.

Kenneth M. Novack of Ball, Janik & Novack, Portland, Or., for NSS.

Colin C. Claxon, San Rafael, Cal. and Robert T. Scherzer of Niehaus, Hanna, Murphy, Green, Osaka & Dunn, Portland, Or., for INTV Corp. (hereinafter referred to as "INTV").

Elizabeth Trainor of Tooze, Marshall, Shenker, Holloway & Duden, Portland, Or., for defendants Intellivision, Inc., Tangible Industries, Inc., and Revco D.S., Inc. (hereinafter collectively referred to as "IT & R").

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

Northern Specialty Sales, Inc. (hereinafter referred to as "NSS"), the debtor herein, filed a complaint alleging that the above-named defendants were recipients of a bulk sale, notice of which was not recorded as required by California's commercial code.

NSS filed its petition in bankruptcy on December 30, 1983. The complaint which commenced this adversary proceeding was filed on May 22, 1985. It alleges, at paragraph 5, as follows:

In February or April of 1984, INTV Corp. purchased the business and assets of MEI. Subsequent to the sale of its business and assets to INTV, MEI dissolved. A notice of the sale of the business and assets of MEI to INTV was not recorded as required by California Commecial [sic] Code Section 6107(2)(a). NSSI is therefore entitled to obtain the refund owing to it from MEI from INTV.

Based on paragraph 5 of the complaint and the court's records, IT & R filed a motion to dismiss. The motion to dismiss asserts, among other things, that the one year statute of limitations for actions against transferees of bulk sales had expired before the complaint was filed. Accordingly, IT & R argue, the complaint is time-barred.

The parties do not dispute that California law applies. California Commercial Code § 6111(a) provides:

No action under this division shall be brought nor levy made more than one year after the date on which the transferee took possession of the goods unless the transfer has been concealed. If the transfer has been concealed, an action may be brought or levy made within one year after its discovery by the creditor bringing such action or making such levy or after it should have been discovered by such creditor in the exercise of reasonable diligence, whichever first occurs.

NSS does not expressly argue that the one year period had not yet expired when it filed its complaint. NSS states, in its memorandum in opposition to IT & R's motion to dismiss, that:

The plaintiff does not presently know when the last delivery of MEI's assets took place, although it has sought discovery concerning this issue. Plaintiff's Memorandum In Opposition and Alternative Motions, p. 29 footnote # 8.

The original and amended complaints, however, both state that the transfer in question occurred "In February or April of 1984". The court therefore concludes that the transfer occurred, at the latest, in April, 1984.

NSS does argue, however, that 11 U.S.C. § 108(a) extends the time in which the trustee (or debtor in possession via § 1107(a)) may commence this action. Section 108(a) provides:

(a) If applicable law, an order entered in a proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; and

(2) two years after the order for relief.

NSS relies heavily on *In Re Curtina International, Inc.,* 23 B.R. 969 (Bkrtcy.S. D.N.Y.1982). *Curtina,* however, is distinguishable. In *Curtina,* the bulk sale occurred in March, 1981, and the petition in

bankruptcy was filed on April 24, 1981. The court concluded that § 108(a) extended the time within which the trustee could file a complaint. *Curtina,* however, dealt with a claim which arose prepetition. In such a case, it is appropriate to apply § 108(a) to give the trustee additional time to discover and evaluate claims the debtor may have against others.

■ In this case, however, the claim arose postpetition. Since the trustee (or debtor in possession) was operating the debtor's business at the time the claim arose, he should be aware of it. There is, therefore, no need to apply § 108(a) to extend the time within which the trustee must act.[1]

Additionally, the language of § 108(a) indicates it is applicable only to prepetition claims:

"If applicable law ... fixes a period within which the debtor may commence an action, *and such period has not expired before the date of the filing of the petition* ...". 11 U.S.C. § 108(a)

In the case of postpetition claims, "such period" will never have expired before the filing of the petition. Therefore, the inclusion of this phrase in § 108(a) strongly supports the conclusion that it was not intended to apply to postpetition claims.

If the court adopted the approach suggested by NSS, the trustee or debtor in possession would always have at least two years to commence any action that arose postpetition. This is undesirable and unnecessary. Accordingly, the court concludes that § 108(a) does not extend the time within which a trustee or debtor in possession may commence suit on a postpetition claim.

■ There has been no allegation that the defendants concealed or attempted to conceal the alleged bulk transfer. The

mere failure to comply with the notice requirements of California Commercial Code § 6107 does not constitute concealment under § 6111. *In the Matter of Borba,* 736 F.2d 1317 (9th Cir.1984). Accordingly, the statute of limitations expired in April, 1985. Since the adversary proceeding was not commenced until May, 1985, the claim is barred by the statute of limitations.

In view of the above, the court concludes that IT & R's motion to dismiss (which the court may treat as a motion for summary judgment under FRCP 12) should be granted. The court will enter an order dismissing the complaint as to these defendants.

INTV, on the other hand, filed a motion to dismiss on the ground that the complaint fails to state a claim upon which relief can be granted.

■ The complaint alleges that NSS was a creditor of Mattel Electronics, Inc. at the time of the alleged transfer; that INTV purchased the business and assets of Mattel Electronics Inc.; and that no bulk sale notice was filed as required by § 6107. These facts, if true, adequately state a claim for violation of the bulk sales law. Accordingly, INTV's motion will be denied.

This opinion constitutes the court's findings of fact and conclusions of law, and in accordance with Bankruptcy Rule 7052, they will not be stated separately.

---

1. One might argue that § 108(a) is not necessary with respect to prepetition claims in Chapter 11 where the debtor remains in possession and therefore knows, or should know, of the existence of prepetition claims. Even though the debtor in possession should know of prepetition claims, § 108(a) is designed to protect creditors, not debtors. This is evident where the debtor in possession fails to pursue a claim (perhaps because the debtor in possession knows it will only benefit creditors). In that case, § 108(a) gives creditors time to investigate and pursue collection of claims for the benefit of the estate.