**In re FLYING "S" LAND & CATTLE COMPANY, INC., Debtor.**

**FLYING "S" LAND & CATTLE COMPANY, INC., Plaintiff,**

**v.**

**Robert J. BEAUMONT, Defendant.**

**Bankruptcy No. BK–R–84–403.**

**Adv. No. 87–20.**

United States Bankruptcy Court, D. Nevada.

March 17, 1987.

Gary E. Gowen, Las Vegas, Nev., for plaintiff.

David R. Hoy, Reno, Nev., for defendant.

## MEMORANDUM DECISION

JAMES H. THOMPSON, Bankruptcy Judge.

This voluntary chapter 11 petition was filed May 25, 1984. On May 23, 1986, the debtor, Flying "S" Land & Cattle Company, Inc. (Flying "S"), filed its complaint, *pro se*, against Robert J. Beaumont in a state district court in Las Vegas, Nevada, seeking damages for fraudulent misrepresentation and breach of contract. An amended complaint, *pro se*, was filed September 16, 1986, and served on Beaumont, who promptly removed the action to the United States District Court in Reno.[1] The debtor filed its opposition to the removal which the District Court treated as a motion to remand. The motion was denied. The removed action is now before the bankruptcy court under the general reference order and is now designated as the above-captioned adversary proceeding.

In the meantime, on July 30, 1986, the debtor filed in the bankruptcy case an objection to the claim of creditor Beaumont under his note and second deed of trust. Since the objection to the claim demanded relief of the kind specified in Bankruptcy Rule 7001(2), the court treats the objection as an adversary proceeding. Bankruptcy Rule 3007.

Beaumont asserts the statute of limitations as a bar to the debtor's objection to Beaumont's claim and to the debtor's state court complaint.[2] Flying "S" urges that as a debtor in possession it is entitled to the provisions of 11 U.S.C. § 108(a)[3], extending the period of limitations for two years after the order for relief[4] on any claim to which the statute of limitations has not expired on the date of the filing of the petition. If § 108(a) does not apply to debtors in possession, the applicable period under the state statute of limitations would have expired, barring the debtor's claim shortly after the petition was filed.

Beaumont's primary argument is that § 108(a) is by its terms available only to a

1. At the time the state civil action was removed, the chapter 11 case was pending in the United States Bankruptcy Court in Reno.

2. Since the issues raised by the debtor in its objection to claim and the removed state court complaint are the same, the court will consolidate the matters as one adversary proceeding. Beaumont's response to debtor's objection to Beaumont's claim will be treated as a motion to summary judgment.

3. § 108. Extension of time.
   (a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—
   (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
   (2) two years after the order for relief.

4. The commencement of this voluntary chapter 11 case on May 25, 1984, constitutes the order of relief. 11 U.S.C. § 301.

"trustee," and, by inference, is not available to a debtor in possession. Beaumont does not address 11 U.S.C. § 1107(a)[5] which provides that a debtor in possession has all the rights of a trustee with several exceptions not material to the present inquiry. In effect Beaumont asks this court to read into § 1107(a) an additional exception, i.e., not having the rights and powers of a trustee under § 108(a).

The *Dickson, Craig,* and *Dohm* cases[6] cited by Beaumont are not in point. These cases support the proposition that *debtors* are not entitled to the benefit of § 108(a). Beaumont's reliance on these cases is misplaced because none of the cases cited involved *debtors in possession* as defined in 11 U.S.C. § 1101(1), and having the rights, powers and duties prescribed in 11 U.S.C. § 1107(a). Nor is *Herget v. Central National Bank & Trust Co.,* 324 U.S. 4, 65 S.Ct. 505, 89 L.Ed. 656 (1945) helpful. *Herget,* was decided under the 1938 Act and held that a five year state statute of limitations could not extend the time to bring an action to avoid a preference governed by a two year limitation period under the Bankruptcy Act.

There are cases which have stated that a debtor in possession is entitled to the privileges of § 108. See *Johnson v. First National Bank of Montevideo,* 719 F.2d 270 (8th Cir.1983) *cert. denied* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (appealed on other grounds), citing *In re Interstate Restaurant Systems, Inc.,* 26 B.R. 298, 301 (Bankr.S.D.Fla.1982) and *In re Santa Fe Development,* 16 B.R. 165, 167 (Bankr. 9th Cir.1981). In *Santa Fe,* the Bankruptcy Appellate Panel observed that § 108 would have equal force and effect to a debtor in possession based upon 11 U.S.C. § 103, which makes chapters 1, 3 and 5 applicable to a case under chapter 11. In *Interstate Restaurant,* the court based its conclusion on § 1107(a), holding that a debtor in possession is a trustee for the purposes of § 108. The district court in *In re Greenwald,* 48 B.R. 263, 273 (S.D.N.Y.1984), holding that the debtor's adversary complaint was timely filed, indicated that the statute of limitations was extended under § 108(a) and stated that a debtor in possession had most of the rights and powers of a chapter 11 trustee under § 1107(a). In *In re Phoenix Group,* 64 B.R. 527, 14 B.C.D. 1151, 1152 (9th Cir.BAP 1986), the Bankruptcy Appellate Panel found that the reference to "a trustee" in the fee schedules prescribed under 28 U.S.C. § 1930(b), includes a debtor in possession. In reaching its decision, the panel relied on § 1107(a) and added that since the fee schedule was drafted after the Code took effect, the drafters of the fee schedule were presumed to be familiar with the contents of § 1107(a).

Beaumont also argues that a debtor in possession does not need the additional time provided under § 108, because a debtor in possession is intimately familiar with actual and potential prepetition claims from the inception of those claims. In dicta, this argument was addressed and rejected in *In re Northern Specialty Sales, Inc.,* 57 B.R. 557, 559 (Bankr.D.Or.1986), where Judge Hess stated that § 108 is designed to protect creditors and not debtors. Judge Hess found that this is evident where a debtor in possession might fail to pursue a claim, perhaps because the debtor in possession knows that its efforts will only benefit creditors. In the absence of the debtor in possession's action, Judge Hess states that § 108(a) gives creditors time to investigate and pursue claims for the benefit of the estate.

---

**5.** *§ 1107. Rights, powers and duties of debtor in possession.*

(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

**6.** *In re Dickson,* 432 F.Supp. 752 (W.D.N.C.1977) (Chapter 13 case where debtor's action barred but trustee's action not barred); *In re Craig,* 7 B.R. 864 (Bankr.E.D.Tenn.1980) (Chapter 13 case where § 108(a) only extends time for trustee and not debtor); and *United Bank of Loves Park v. Dohm,* 14 B.R. 701 (Bankr.N.D.Ill.1981) (Case involving debtor and trustee, court indicated § 108 does not appear to be available to debtors, but only to trustees).

### CONCLUSION

With the issue directly before it, the court adopts the reasoning of those cases interpreting the provisions of § 103 and § 1107(a) as extending the privileges of § 108 to a debtor in possession. In none of the foregoing cases in which a debtor was in possession was there directly in issue the question of whether a debtor in possession could avail itself of § 108 privileges. The courts assumed that either § 103 or § 1107(a), or both, made § 108 available to a debtor in possession.

Accordingly, it is held that debtor's objections to Beaumont's claim and the complaint filed by Flying "S" on July 30, 1986 and May 23, 1986, respectively, having been filed within two years of the date of the filing of the bankruptcy petition which was filed within the relevant period of limitations under state law are not barred by the statute of limitations. The merits of the debtor's claims against Beaumont will be heard at a future date.