**30**

In re UNITED TRUCKING,
INC., Debtor.

James V. McTEVIA, Trustee, Plaintiff,

v.

HOWELL INDUSTRIES, Defendant.

Bankruptcy No. 83–04665–R.
Adv. No. 88–0262–R.

United States Bankruptcy Court,
E.D. Michigan.

Sept. 23, 1988.

Paul Taylor, Minneapolis, Minn., Frank Boddy, Detroit, Mich., for plaintiff.

Terry Givens, Birmingham, Mich., for defendant.

\* The September 6, 1988 decision that this opinion
supplements was an oral decision.

SUPPLEMENTAL
MEMORANDUM OPINION\*

STEVEN W. RHODES, Bankruptcy Judge.

In this adversary proceeding, the trustee claims freight undercharges in the amount of $1,503 arising from services rendered to Howell Industries on July 26, 1984. The debtor filed its Chapter 11 petition on November 1, 1983. The case was converted to Chapter 7 on March 31, 1986. This complaint was filed on March 31, 1988. On July 28, 1988, Howell filed a motion to dismiss, contending that the applicable statute of limitations barred the claim. On September 6, 1988, following the argument of counsel, the Court granted the motion. This opinion supplements the decision given at that time.

Howell's motion to dismiss is based on 49 U.S.C. § 11706(a), which provides:

A common carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission under chapter 105 of this title or a freight forwarder must begin a civil action to recover charges for transportation or service provided by the carrier or freight forwarder within 3 years after the claim accrues.

Under this section, the bar date for filing the trustee's complaint was July 26, 1987, which is three years after the transportation services were provided and the claim accrued. As noted, the complaint was actually filed on March 31, 1988.

The trustee argues that the complaint was timely under 11 U.S.C. § 108(a), which provides:

(a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.

The trustee argues that March 31, 1986, was "the date of the filing of the petition" within the meaning of this section, because the case was converted to Chapter 7 on that date. Thus, the trustee argues that section 108(a) extends the limitations period to March 31, 1988, because the nonbankruptcy limitation period had "not expired before" March 31, 1986.

■ The Court concludes that section 108(a) has no application to post-petition claims. As noted in *Northern Specialty Sales, Inc. (Northern Specialty Sales, Inc. v. INTV Corp.)*, 57 B.R. 557, 559 (Bankr.D. Or.1986), "In the case of postpetition claims, 'such period' will never have expired before the filing of the petition."

■ Likewise, the Court must reject the trustee's argument that the conversion effected a change in the date of the filing of the petition. 11 U.S.C. § 348(a) specifically provides otherwise:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

*See also In re Flying "S" Land & Cattle Company, Inc. (Flying "S" Land & Cattle Company, Inc. v. Beaumont )*, 71 B.R. 183 (Bankr.D.Nev.1987).

In support of his position, the trustee relies upon *In re Afco Development Corp. (Stuart v. Pingree )*, 65 B.R. 781 (Bankr.D. Utah 1986). Applying 11 U.S.C. § 546(a), the court held that the two-year limitation period for preference actions begins again when a Chapter 7 trustee is appointed, even though that trustee had previously been appointed a Chapter 11 trustee. However, that case does not address section 108(a), and therefore does not support the trustee's position.

The trustee also relies upon *In re Patio Springs, Inc.*, 6 B.R. 428 (Bankr.D.Utah 1980) and *United States v. Paul Hardeman, Inc.*, 260 F.Supp. 723 (M.D.Fla.1966). But these cases interpret the limitations period contained in section 11(e) of the Bankruptcy Act, which contained different language. 11 U.S.C. § 29(e), *repealed by* The Bankruptcy Reform Act of 1978, 11 U.S.C. § 108(a). Therefore, they likewise do not support the trustee's position.

Accordingly, the defendant's motion to dismiss is granted.