948 F.2d 985
 Bankr. L. Rep. P 74,390
In the Matter of Victor J. PHILLIP, Debtor.
INDEPENDENT FIRE INSURANCE COMPANY, Appellee,
v.
John T. PENDER, Trustee of the bankruptcy estate of Victor
J. Phillip, Appellant.
 No. 91-3081.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 20, 1991.
 
 Landwehr & Hof, Merrill T. Landwehr, New Orleans, La., for appellant.
 Thomas M. Richard, Hailey, McNamara, Hall, Larmann & Papale, Metairie, La., for appellee.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before POLITZ, KING and JOHNSON, Circuit Judges.
 KING, Circuit Judge:
 
 
 1
 Section 108(a) of the Bankruptcy Code, which ensures that a trustee may pursue prepetition claims of the debtor within two years after the filing date or the applicable prescription period, whichever is longer, is the focus of our review of this case. We inquire into whether this provision extends the prescription period for claims arising during the period between the filing of a Chapter 11 petition and the conversion of the case to a Chapter 7 liquidation. Concluding that the language of the statute, its legislative history, and judicial precedent do not support such an extension, we find that summary judgment was proper because the trustee's claim was time-barred.
 
 I.
 
 2
 On August 6, 1987, debtor Victor J. Phillip filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. At the time Phillip filed the petition, he owned a house in Waggaman, Louisiana. On September 3, 1988, more than a year after the Chapter 11 filing, fire destroyed this house. Phillip filed a claim for the damage with his insurance company, the Independent Fire Insurance Company (Independent Fire). Independent Fire denied Phillip's claim because it concluded that the fire was ignited by or at the direction of Phillip.
 
 
 3
 On September 30, 1988, Phillip's Chapter 11 proceeding was involuntarily converted into a Chapter 7 liquidation proceeding. The court appointed John Pender to act as interim trustee. Although the exact date is in dispute, Pender learned of the existence of Phillip's claim at least six months before the one-year prescription period defined by the insurance policy had run.
 
 
 4
 Pender filed suit in district court to challenge Independent Fire's decision on August 16, 1990, almost two years after the date of loss and fifteen months after Independent Fire formally denied Phillip's claim. By minute entry dated November 20, 1990, the district court granted Independent Fire's motion to withdraw the reference to the bankruptcy court and assumed direct responsibility for the lawsuit. On December 21, 1990, Independent Fire moved for summary judgment to dismiss the claim because it had not been filed within the one-year prescription period as required under the terms of Phillip's homeowner's policy.[1] In opposition to Independent Fire's motion, Pender asserted that the Bankruptcy Code extended the prescription period beyond that contained in the insurance policy. The district court granted summary judgment, holding that Pender's claim was not timely filed. Pender appeals from this judgment.
 
 II.
 
 5
 In reviewing a grant of summary judgment, we ascertain whether the record presents a genuine issue of material fact sufficient to preclude judgment for the movant as a matter of law. See Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986). Since this case presents solely a question of legal construction, our de novo review of the issue will determine whether the district court properly granted summary judgment in favor of Independent Fire.
 
 
 6
 Pender argues that 11 U.S.C. § 108(a)[2] extends the prescription period for bringing suit against Independent Fire beyond the one-year limit imposed by the fire insurance policy and Louisiana law.[3] According to its express terms, § 108 lengthens this period only if "such period has not expired before the date of the filing of the [bankruptcy] petition." We construe the language of § 108 to extend the prescription period for prepetition claims to two years after entry of the order for relief, if prescription otherwise would run before that date. Accord Northern Specialty Sales, Inc. v. INTV Corp. (In re Northern Specialty Sales, Inc.), 57 B.R. 557, 559 (Bankr.D.Or.1986).
 
 
 7
 This construction emerges not only from the language, but also from the policy reasons underlying the statute. See H.Rep. No. 595, 95th Cong., 1st Sess. 318, reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6275 (noting that the section operates to "permit the trustee, when he steps into the shoes of the debtor, an extension of time for filing an action or doing some other act that is required to preserve the debtor's rights"); S.Rep. No. 989, 95th Cong., 2d Sess. 30 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5816 (same). At least in the ordinary case, no compelling reason exists for extending the prescription periods of postpetition claims, since trustees or debtors in possession[4] should be aware of them as they arise. See In re Northern Specialty Sales, 57 B.R. at 559.
 
 
 8
 In this case, the fire occurred more than one year after Phillip filed his Chapter 11 petition. Accordingly, § 108(a) does not operate to extend the one-year prescription period set forth in the insurance policy. Under the policy's terms, Phillip's right to pursue the claim expired one year after the date of loss, or September 30, 1989. Trustee Pender did not bring suit against Independent Life until August 16, 1990. The district court properly held that the suit was time-barred for this reason.
 
 
 9
 Alternatively, Pender argues that § 108(a) applies to the claim because it arose preconversion. He contends that the conversion of the case from Chapter 11 to Chapter 7 effectively changed the date of the order for relief from the date of filing to the date of conversion. Case law generally does not support this reasoning. See, e.g., McTevia v. Howell Indus. (In re United Trucking, Inc.), 91 B.R. 30, 31 (Bankr.E.D.Mich.1988); Rock River Prod. Credit Ass'n v. Langholf (In re Langholf), 37 B.R. 414, 419 (Bankr.N.D.Ill.1984); Gennet v. Oriental Rug Agency, Inc. (In re Florida Consumer's Furniture Warehouse, Inc.), 9 B.R. 7, 9 (Bankr.S.D.Fla.1981). But see M & M Cattle Co. v. Reliable Drywall, Inc. (In re Reliable Drywall, Inc.), 20 B.R. 386, 387 (Bankr.D.Ariz.1982) (in dicta, calculating the limitation period pursuant to § 108(a)(2) from the date of conversion from Chapter 11 to Chapter 7).
 
 
 10
 The district court relied on United Trucking in concluding that Phillip's original filing date controlled its application of § 108(a) to this case. The United Trucking court reasoned that 11 U.S.C. § 348 limits the significance of the conversion date to certain contexts only. Section 348(a) specifically provides
 
 
 11
 Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
 
 
 12
 Subsection (a) controls our analysis because § 108 does not appear as an exception[5] to its general rule. Accord United Trucking, 91 B.R. at 31; see also Stinson v. Williamson, 804 F.2d 1355, 1359 (5th Cir.1986) (determining eligibility for homestead exemption as of date of Chapter 11 filing, not date of conversion to Chapter 7, because § 348(b) and (c) did not apply). Therefore, "the order for relief," for the purposes of § 108(a)(2), operates from the original filing date of the case under Chapter 11. Pender cannot take advantage of the conversion date because it has no effect under § 108.
 
 
 13
 Pender urges us to consider two policy reasons against this interpretation. First, he argues that it would allow claims that arose after the Chapter 11 filing but before conversion to prescribe if the debtor in possession fails to take any action. He suggests that because only creditors would benefit, a debtor in possession would be less likely to pursue these claims than would a trustee.
 
 
 14
 Pender's argument does not convince us that trustees should receive different treatment from debtors in possession in this situation. The Bankruptcy Code confers upon a Chapter 11 debtor in possession
 
 
 15
 all of the rights, other than the right to compensation under section 330 of this title, ... functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.
 
 
 16
 11 U.S.C. § 1107(a). We have interpreted this language as empowering a debtor in possession to avail itself of the tolling effect of § 108. United States ex rel. Am. Bank v. C.I.T. Constr. Inc. of Texas, 944 F.2d 253, 259-60 (5th Cir.1991); Cunningham v. Healthco, Inc., 824 F.2d 1448, 1459 (5th Cir.1987); accord Flying "S" Land & Cattle Co., 71 B.R. at 185-86. We find no reason to disregard the fact that the statute charges the debtor in possession with the duties as well as the powers of a trustee. Subject to any limitations or conditions that a bankruptcy court may impose in a specific case, a debtor in possession bears the same responsibility to pursue claims of the estate diligently as would a trustee. See 11 U.S.C. § 1107(a); H.Rep. No. 595, 95th Cong. 1st Sess. 404 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News 5963, 6360 ("This section places a debtor in possession in the shoes of a trustee in every way."); S.Rep. No. 989, 95th Cong., 2d Sess. 116 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5902 (same).
 
 
 17
 The Bankruptcy Code already protects creditors from the potential harm that Pender envisions. See 11 U.S.C. § 1104(a) (providing that any time after the commencement of a case but before the confirmation of a plan, on request of a party in interest and after notice and hearing, a trustee can be appointed for cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management). Moreover, Bankruptcy Rule 1019, which implements § 348,[6] requires the trustee or debtor in possession upon conversion to file a final report and schedule of postpetition debts reflecting any changes in the status of the debtor's assets and liabilities since the beginning of the case. 6 Norton on Bankruptcy 81-84 (1991-1992 ed.) (editor's comment to Rule 1019). Proper compliance with this rule clearly would put a trustee on notice of any postpetition claims that should be pursued. We do not perceive a gap in the Bankruptcy Code or Rules that would compel us to adopt the strained construction of § 108(a) that Pender offers.
 
 
 18
 Pender also contends that § 348(a) does not govern the application of § 108(a) to this case. He argues that this subsection, when viewed in the context of § 348 as a whole, applies only to claims against the estate and not to claims that arise on behalf of the estate.[7] We find this argument unpersuasive. An examination of § 348(a) reveals that subsections (a), (b), and (c) make no distinction between claims against or on behalf of the estate. In contrast, subsection (d) expressly provides for special treatment of only those claims that arise against the estate during Chapter 11 or Chapter 13 cases that are later converted. The fact that subsection (d) applies to claims against the estate does not suggest the conclusion that the application of subsection (a), which does not contain the limitation, is also limited to claims against the estate. Therefore, the conversion of the case did not change the date of filing the petition with respect to the trustee's claim against Independent Fire. As a result, we agree with the district court that the claim was time-barred.
 
 III.
 
 19
 For the foregoing reasons, the district court's grant of summary judgment in favor of Independent Fire is AFFIRMED.
 
 
 
 [1]
 The applicable clause states:
 
 
 [8]
 Suits Against Us. No action can be brought unless the policy provisions have been complied with and the action is started within one year from the date of the loss
 
 
 [2]
 Section 108(a) provides:
 (a) If applicable nonbankruptcy law, an order entered into a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--
 (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
 (2) two years after the order for relief.
 
 
 [3]
 Louisiana law requires that "[n]o suit or action on [a] policy for the recovery of any claim shall be sustainable ... unless commenced within twelve months next after the inception of the loss." La.Rev.Stat.Ann. 22:691(F). See P.O.P. Constr. Co. v. State Farm Fire & Cas. Co., 328 So.2d 105, 107-08 (La.1976); Gremillion v. Travelers Indem. Co., 256 La. 974, 240 So.2d 727, 731 (1970)
 
 
 [4]
 Section 108 applies to debtors in possession as well as trustees. See, e.g., U.S. ex rel. Am. Bank v. C.I.T. Constr. Inc. of Texas, 944 F.2d 253, 259-60 (5th Cir.1991); Flying "S" Land & Cattle Co. v. Beaumont (In re Flying "S" Land & Cattle Co.), 71 B.R. 183, 185-86 (Bankr.D.Nev.1987)
 
 
 [5]
 The excepted provisions appear in 11 U.S.C. § 348(b) and (c). See note 7 infra
 
 
 [6]
 See 1983 Advisory Committee Note to Bankruptcy Rule 1019
 
 
 [7]
 11 U.S.C. § 348 provides
 (a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
 (b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1146(a), 1146(b), 1301(a), 1305(a), 1201(a), 1221, and 1228(a) of this title, "the order for relief under this chapter" in a chapter to which the case has been converted under section 706, 1112, 1307, or 1208 of this title means the conversion of such case in such chapter.
 (c) Sections 342 and 365(d) of this title apply in a case that has been converted under section 706, 1112, 1307, or 1208 of this title, as if the conversion order were the order for relief.
 (d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1307, or 1208 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.
 (e) Conversion of a case under section 706, 1112, 1307 or 1208 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion.