**In re Jonathan HUDSON and Joyce Hudson, Debtors.**

**No. 92–31447.**

United States Bankruptcy Court, N.D. Ohio, W.D.

July 27, 1993.

L. Douglass McCrury, Toledo, OH, for debtors.

Anthony Disalle, Toledo, OH, trustee.

Verne Armstrong, Asst. U.S. Atty., Toledo, OH.

### MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Debtors' Objection to Certain Claims of the

Internal Revenue Service (hereafter "IRS"). A Hearing was held on the matter and Counsel agreed to submit written arguments. The Debtors filed a Brief in Support, and the IRS filed both a Brief in Support and a Reply Brief. The Court has considered the arguments of counsel, supporting documentation, applicable case law, as well as the entire record in this case. Based on this review, and for the following reasons, the Debtors' Objection to the Claims of the IRS is OVERRULED.

## STATEMENT OF THE FACTS

On February 12, 1985, the Debtors filed a Petition for protection under Chapter 7 of the Bankruptcy Code. The case was converted to one under Chapter 13, pursuant to Section 706 on March 27, 1987. On August 11, 1987, the IRS filed a Proof of Claim in the Chapter 13 action for the Debtors' 1982 and 1983 income tax liabilities. This Proof of Claim was subsequently amended, on July 20, 1989. The amendment included priority claims for the Debtors' 1982, 1983 and 1988 income tax liabilities, but did not contain any claim whatsoever for tax years 1985, 1986 and 1987. The Debtors received a Discharge in their Chapter 13 action on July 5, 1990. In 1991, after their Chapter 13 Discharge, the Debtors filed income tax returns for 1985, 1986 and 1987, but did not pay the taxes due on those returns. The Debtors filed the instant Chapter 13 action on April 14, 1992. On August 17, 1992, the IRS filed a Proof of Claim listing the Debtors' income tax liabilities for 1985, 1986, 1987, 1989, 1990 and 1991. None of the liabilities on this Proof of Claim were previously listed on any other Proof of Claim filed by the IRS with regard to any of the Debtors' bankruptcies.

Debtors object to the Proof of Claim filed by the IRS to the extent that it includes a claim for taxes, interest and/or penalties for the tax years of 1985 and 1986. The Debtors' grounds for objection are that those tax years ended before the Debtors converted their 1985 Chapter 7 action into a Chapter 13 action in 1987, and thus should be considered prepetition claims, provided

for in the 1987/89 Chapter 13 plan, and discharged by virtue of the IRS' failure to file the appropriate Proofs of Claim, and by their full compliance with that plan.

The relevant issues raised by the Debtors' objection are:

(1) Are the tax deficiencies of 1985 and 1986 prepetition or postpetition debts;

(2) Was the IRS required to file a Proof of Claim for those years in order to preserve its claim in the face of a Chapter 13 action; and

(3) Have the taxes due for the 1985 and 1986 tax years been discharged by the previous Chapter 13 action.

## LAW

11 U.S.C. Section 348 provides;

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case was converted, but, except as provided in subsections (a) and (b) of this section, does not affect a change in the date of filing of the petition, the commencement of the case, or the order for relief ...

(d) A claim against the estate or the debtor that arises after the order for relief but before the conversion in a case that is converted under section 1112, 1307 or 1208 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition ...

11 U.S.C. Section 1328(a) provides;

As soon as practicable after the completion by the debtor of all payments under the plan, unless the court approves a written waiver or discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) Provided for under section 1322(b)(5) of this title;

(2) of the kind specified in paragraph (5) or (8) of section 523(a) or Section 523(a)(9) of this title; or

(3) for restitution included in a sentence on the debtor's conviction of a crime.

11 U.S.C. § 1305(a) provides;

A proof of claim may be filed by any entity that holds a claim against the debtor—

(1) for taxes that become payable to a governmental unit while the case is pending ...

## DISCUSSION

### I. Finding of Core Proceeding

The issue before the Court involves the Debtors' objection to certain claims of the IRS. Issues concerning the allowance or disallowance of claims against the bankruptcy estate constitute a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### II. Petition Date

■ Debtors contend that the date to be used in determining whether the taxes due are prepetition or postpetition claims is the date upon which the case was converted to a Chapter 13 action, rather than the date of the filing of the original Chapter 7 action. The very words of the statute contradict this position:

(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case was converted, but, except as provided in subsections (a) and (b) of this section, **does not affect a change in the date of filing of the petition,** the commencement of the case, or the order for relief ... (emphasis added)

11 U.S.C. Section 348(a).

Debtors' attorneys could find no cases on point to support their contentions. There is ample case law, however, to the contrary. In *In re Rassi*, 140 B.R. 490 (Bankr. C.D.Ill.1992), the debtor converted his Chapter 7 action to a Chapter 13 action by way of section 706, exactly as in the case at bar. In determining the date to be used in interpreting Code sections which referred to the date of "filing of the petition", the Court found the language of Section 348 to be unambiguous. It held that the date of "filing the petition" meant the date upon which the original Chapter 7 action was filed, not the date of conversion. *Rassi*, at 492. The Court in *In re Bush*, 120 B.R. 403 (Bankr.E.D.Tex.1990), found that under section 348(a), conversion of a case from one chapter to another does not affect a change in the date of filing of the petition, the commencement of the case, or the order for relief. *See also, Matter of Sadler*, 935 F.2d 918, 920 (7th Cir.1991).

The Debtors' arguments supporting their assertions, as well as the case law cited in support, are unpersuasive. It seems as though the Debtors are trying to apply Section 348(d) to their case, when it is clearly inapplicable. Further, the cases cited to support the position of the Debtors do not provide the required showings; *In re Stanton*, 136 B.R. 562 (Bankr.D.Kan.1992), involved determining the applicable date to use in assessing what the controlling law was regarding the permissibility of a conversion when the conversion and applicable discharge laws had been altered during the pendency of the case. The Court found only that the law in effect at the time the Motion to Convert was filed was controlling, and made no comment regarding any alteration of the filing date of the bankruptcy for any purpose; *In re Masterson*, 141 B.R. 84, 89 (Bankr.E.D.Pa.1992), involved the permissibility of a second conversion; *In re Wells*, 87 B.R. 732 (Bankr. N.D.Ga.1988), interpreted the language of Section 348(e), which has no bearing in this case.

In light of these facts, this Court finds that the correct date for determining whether the debts are prepetition or postpetition is the date of the original Chapter 7 filing, or February 12, 1985.

### III. Proof of Claim Requirement.

Debtors first argue that the IRS was required to file a Proof of Claim for the 1985 and 1986 tax years in order to preserve their claims. Second, Debtors assert

that in determining whether a tax obligation is prepetition or postpetition, the appropriate date to refer to is the end of the tax year.

## A. Requirement of Proof of Claim

■ The applicable provision of the Bankruptcy Code, section 1305(a) states;

A proof of claim **may** be filed by any entity that holds a claim against the debtor—

(1) for taxes that become payable to a governmental unit while the case is pending ... (emphasis added)

*In re Ryan*, 78 B.R. 175 (Bankr. E.D.Tenn.1987), involved a debtor who had tax deficiencies assessed against him for the years 1977, 1978, 1979, 1980, 1981 and 1983, after the debtor had received his discharge in a Chapter 13 action which was filed in 1981. The Court found that the 1977–1980 tax obligations were prepetition, and were provided for in the plan. Accordingly, these debts were held to be dischargeable upon completion of the Chapter 13 plan. It also determined, however, that the 1981 taxes—those from the year of filing—and the 1983 taxes, arose postpetition, and thus were not discharged under the 1981 Chapter 13 action. In so holding, the Court stated that Section 1305(a)(1) "provides that the government can file a late proof of claim[1] for taxes that 'become payable' after the filing of the chapter 13 petition." In *In re Hester*, this court concluded that "1305(a)(1) together with 1322(b)(6) adopted the rule as to ... taxes **incurred** after filing of a chapter 13 petition." Further, "the debtor [cannot] compel the government to accept payment under the plan (file a proof of claim) or have the debt discharged without payment. The government could choose to collect from the debtor after discharge." *In re Ryan,*

78 B.R. 175, 180 (Bankr.E.D.Tenn.1987) (citing, in part, *In re Hester*, 63 B.R. 607, 15 Coll.Bankr.Cas.2d 1082 (Bankr.E.D.Tenn. 1986)). Although the Court in *Ryan* found that some of the taxes were dischargeable as prepetition debts, it held that as to those tax liabilities which arose after the filing of the Chapter 13 action, the "IRS had the choice of accepting payment under the plan or collecting after the debtors completed the plan and received a discharge." *Ryan*, at 183. *See, In re Busone*, 71 B.R. 201, 205–06 (Bankr.E.D.N.Y.1987) (In a Chapter 13, "the option to file and, thereby, be paid under a plan lies with the taxing authority.").

## B. Applicable date for determining nature of 1985 and 1986 taxes.

The Court in *Ryan* also addressed the second argument of Debtors, that the appropriate date for determining whether the tax obligations were prepetition or postpetition is the end of the tax year. In holding that the debtor's tax obligations from the same year that the petition was filed were wholly postpetition, the Court stated that although "arguably the 1981 taxes should be split into prepetition and post petition portions," the Court was "of the opinion that the 1981 taxes should be treated as postpetition taxes under 1305(a)(1) and *In re Hester*," as well as by consulting the writings of the Commission on Bankruptcy Laws and recognizing that this would be "the easiest practical way to deal with income tax for the year of filing of the Chapter 13 petition." *Ryan*, 78 B.R. at 183–4.

This Court finds the reasoning of Chief Judge Kelly in *Ryan* persuasive,[2] and the language of 1305(a)(1) clear. The IRS was not required to file Proofs of Claim for the 1985 and 1986 taxes. Had it chosen to file,

**1.** The Debtors in this case cite cases which find that certain "late" claims made by the IRS have been disallowed. In each of the cited cases, however, the debts in question involved taxes incurred prepetition. See, e.g., *Matter of Border*, 116 B.R. 588 (Bankr.S.D.Ohio 1990); *In re Daniel*, 107 B.R. 798 (Bankr.N.D.Ga.1989); *In re Goodwin*, 58 B.R. 75 (Bankr.D.Me.1986); *In re Richards*, 50 B.R. 339 (Bankr.E.D.Tenn.1985).

In the case at bar, it has been determined that the debts involved are postpetition debts. Accordingly, these cases are irrelevant to the outcome of this matter.

**2.** *Ryan* further noted that similar conclusions were reached in a case involving state tax claims—*In re Rothman*, 76 B.R. 38 (Bankr. E.D.N.Y.1987). *Ryan*, 78 B.R. at 184.

the debts would have been considered pre-petition, but in the absence of such action, the 1985 and 1986 tax obligations must be considered postpetition claims. Under the authorities cited above, it is evident that no action was required on the part of the IRS in order to preserve their 1985 and 1986 tax claims.

## IV. Effect of the previous Chapter 13.

■ Even if the Debtors had wanted to include the 1985 and 1986 tax years in their plan, they would not have been able to do so without the cooperation of the IRS. As was indicated in *Ryan*, in applying Section 1305(a)(1), the debtor "[cannot] compel the government to accept payment under the plan (file a proof of claim) or have the debt discharged without payment. The government could choose to collect from the debtor after discharge." *In re Ryan*, 78 B.R. 175, 180 (Bankr.E.D.Tenn.1987) (citing, in part, *In re Hester*, 63 B.R. 607). The Bankruptcy Court for the Eastern District of Virginia has stated that even when the IRS has filed no Proof of Claim for postpetition taxes "neither 11 U.S.C., Sec. 1305(a), nor 11 U.S.C., Sec. 501(c), permits the debtor ... to file a proof of claim ... on behalf of the creditor who does not file one; that 11 U.S.C., Sec. 502(i) does not allow for the treatment of post petition priority tax claims ... as if they were prepetition claims." *In re Dickey*, 64 B.R. 3, 4 (Bankr. E.D.Va.1985). *See, In re Ripley*, 926 F.2d 440 (5th Cir.1991) ("the Code does not allow a debtor to file a claim for postpetition debts on behalf of the claimant.").

Further, *In re Gyulafia*, 65 B.R. 913, 915–16 (Bankr.D.Kan.1986), states that when the United States has a postpetition tax claim against a Chapter 13 estate, it "has a choice between voluntary participation in the ... plan ... or going directly against the debtor pursuant to applicable non bankruptcy law."

■ Finally, even if the 1985 and 1986 tax claims were somehow construed as pre-petition claims, and thus dischargeable, this would only be the case if the debts were provided for by the plan. In this case, the Chapter 13 plan provided for a 100% pay-ment of the IRS claims. The total amount allocated by the plan, and eventually paid to the IRS, was Two Thousand Four Hundred and Seventy-three and 98/00 Dollars ($2,473.98). The total of the IRS' Amended Proof of Claim forms was also Two Thousand Four Hundred and Seventy-three and 98/00 Dollars ($2,473.98). This total was characterized by the IRS as deficiencies for the 1982, 1983 and 1988 tax years.

No Proof of Claim was filed by the IRS for either the 1985 or 1986 tax years. The only place a 1985 tax reference appears in the Plan is in the Bankruptcy Petition, where the Debtors indicate that the Creditors (the IRS) claim Four Hundred Dollars ($400.00) for 1985 taxes due. No IRS Proof of Claim for this amount, however, appears in the record. By the same token, it does not appear that this Four Hundred Dollars ($400.00) (an apparently inaccurate calculation) was included in either the Debtors' intended, or actual, disbursements. Had the Debtors included this amount, the total paid to the IRS would have been Two Thousand Eight Hundred and Seventy-three and 98/00 Dollars ($2,873.98); Four Hundred Dollars ($400.00) more than was actually paid. In short, there is no convincing proof in the record that these tax obligations were provided for in the original Chapter 13 Plan.

The 1985 and 1986 tax deficiencies were not claimed by the IRS. According to both the plain language of the Code, and the applicable case law, the IRS alone held the option of whether to include these debts in the plan, or to pursue their collection by other means. The failure of the IRS to participate in the plan with respect to these debts does not mean that they have become discharged. The IRS is free to pursue them, in a timely fashion (within the statute of limitations), by whatever means are provided for by the Code. Even if these debts could have been discharged if they were provided for in the plan, the fact remains that no such provision was ever made. The debts have not been discharged.

### V. Conclusion.

This Court finds that the applicable date for determination of whether the 1985 and 1986 tax deficiencies are prepetition or postpetition is the date of the original Chapter 7 filing. Further, the Court holds that the IRS had no obligation, under 1305(a)(1), to file a Proof of Claim form in order to preserve their claims.

In reaching these conclusions, the Court has considered all of the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Debtors' Objection to the IRS' Proof of Claim be, and is, **OVER-RULED.**