# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 23-6006

_____

In re: JUSTIN GARY LAMONDA,

Debtor.

_____

NATALIA LAMONDA,

*Appellant*

v.

JANICE A. HARDER, Chapter 7 Trustee,

*Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Missouri

_____

Submitted: December 28, 2023
Filed: February 5, 2024

_____

Before HASTINGS, Chief Judge, RIDGWAY and SURRATT-STATES,
Bankruptcy Judges.

_____

HASTINGS, Chief Judge.

Appellant Natalia LaMonda appeals the bankruptcy court's order sustaining Trustee Janice A. Harder's Objection to Proof of Claim 16-1 filed by Natalia LaMonda. For the following reasons, we reverse.

## BACKGROUND

Debtor Justin Gary LaMonda petitioned for bankruptcy relief under Chapter 7 of the Bankruptcy Code on August 23, 2019. At the time, he was married to Appellant Natalia LaMonda. On November 27, 2019, a Missouri state court entered a Judgment on Dissolution, dissolving their marriage, awarding sole physical custody of their three minor children to Natalia LaMonda, and ordering Debtor to pay child support in the sum of $2,000 per month.

A few weeks later, on December 30, 2019, Debtor filed a Motion to Convert the Chapter 7 case to a case under Chapter 13. The bankruptcy court granted the motion on January 23, 2020.

In July 2022, the Chapter 13 Trustee moved to convert the case from Chapter 13 to Chapter 7. Debtor initially opposed the motion, but roughly seven months later, he consented to the conversion. The bankruptcy court entered an order converting the Chapter 13 case to a Chapter 7 case on February 15, 2023. Janice A. Harder was appointed as the Chapter 7 Trustee.

On May 23, 2023, Natalia LaMonda filed an $80,000 unsecured priority claim for unpaid child support. Claim 16-1.[1] The Trustee objected to Natalia LaMonda's claim, arguing that claims for postpetition domestic support are disallowed under 11 U.S.C. § 502(b)(5), and any "purported lien is post-petition and, therefore, not enforceable." Doc. 236. In her response, Natalia LaMonda asserted that her claim, which arose after the order for relief but before conversion under section 1307,

---

[1] At the hearing on the Trustee's objection to Natalia LaMonda's claim, Debtor's counsel conceded that Debtor has never paid child support, claiming he has never been able to afford the payments. Transcript of Record at 10, *In re LaMonda*, No. 19-20781 (Bankr. W.D. Mo. Jul. 20, 2023) (Doc. 259). No interested party disputed this fact.

should be treated as a prepetition claim under section 348(d).  The Trustee filed a reply arguing that section 348(d) does not apply to Natalia LaMonda's claim because the state court entered the judgment ordering child support during the initial Chapter 7 case before it was converted to a case under Chapter 13.

The bankruptcy court held a hearing on the claim objection on July 20, 2023. It entered an order sustaining the Trustee's objection and disallowing Natalia LaMonda's claim on August 28, 2023.  Natalia LaMonda filed a timely appeal.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo.  Ridings v. Casamatta (In re Allen)*, 628 B.R. 641, 642 (B.A.P. 8th Cir. 2021) (citing *Brown v. Luker* (*In re Zepecki*), 277 F.3d 1041, 1045 (8th Cir. 2002)).

## DISCUSSION

Allowed unsecured claims for domestic support obligations receive first priority status in the distribution of estate assets for the sum owed, as of the petition date, to a spouse, former spouse or child. 11 U.S.C. § 507(a)(1)(A).  Reinforcing the importance of the petition date, section 502 provides that claims for domestic support obligations that are excepted from discharge under section 523(a)(5) are not allowed to the extent that the claim is unmatured on the petition date.  11 U.S.C. § 502(b)(5).  Section 348(d) provides an exception, which allows certain claims that arise postpetition to receive the same treatment as prepetition claims under specific circumstances.  Section 348(d) provides:

> (d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

11 U.S.C. § 348(d). Section 348(a) clarifies that, except for circumstances not applicable here, conversion "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a).

On the petition date, Debtor owed no domestic support obligations. Natalia LaMonda's right to payment for child support began over three months later, on November 27, 2019, when the state court entered the Judgment on Dissolution. The bankruptcy court found, and this Court agrees, that her unmatured claim arose on this date.

On January 23, 2020, less than two months after the dissolution, the bankruptcy court converted the Chapter 7 case to a Chapter 13 case. The case remained a Chapter 13 case from January 23, 2020, to February 15, 2023, when the bankruptcy court converted it to a Chapter 7 case under section 1307.

Rejecting Natalia LaMonda's argument that her unpaid child support claim should be treated as a prepetition claim under section 348(d), the bankruptcy court found that "the claim for child support arose after the original order for relief under Chapter 7 and before the case was converted to Chapter 13 under section 706, not converted under sections 1112, 1208, or 1307 as [section 348(d)] provides." Transcript of Record at 4, *In re LaMonda*, No. 19-20781 (Bankr. W.D. Mo. Aug. 28, 2023) (Doc. 264). It was not persuaded by Natalia LaMonda's assertion that the conversion under section 1307 triggered the application of section 348(d) and rendered the first conversion irrelevant to the analysis.

On appeal, Natalia LaMonda asserts that her claim for unpaid child support falls within the scope of section 348(d)—it arose after the order for relief but before this case was converted under section 1307. Natalia LaMonda argues that entry of the judgment awarding child support during the initial Chapter 7 case does not change the relevant facts or affect the analysis because her claim meets the criteria of the statute. Consequently, she maintains her claim should be treated as if it arose immediately before the petition date and allowed as a priority unsecured claim under section 502(a)(1)(A).

4

She makes a compelling argument. Natalia LaMonda's claim for unmatured child support arose more than three months after the order for relief, which remains unchanged by the conversion. *See* 11 U.S.C. § 348(a). Her claim also arose several years before this case was converted under section 1307, and it is not a claim specified in section 503(b). Although the state court entered the judgment awarding her child support during the initial Chapter 7 case, section 348(d) does not limit the benefit of prepetition treatment to claims arising in a reorganization chapter. It also does not distinguish between one-conversion and two-conversion cases. Section 348 simply outlines the applicable time period: the claim against the estate or the debtor must arise after the order for relief but before conversion in a case that is converted under section 1112, 1208, or 1307 to be eligible to be treated as a prepetition claim. Natalia LaMonda's claim meets these criteria.

Citing *In re Jones*, 2021 WL 1157895, *3 (Bankr. N.D. Ga. Mar. 25, 2021) and *In re Morris*, 155 B.R. 422, 425 (Bankr. W.D. Tex. 1993), the Trustee argues that section 348(d) does not apply to debts that arise in a Chapter 7 case that is later converted to a Chapter 13 case and then to a Chapter 7 case. She asserts that section 348(d) only applies to claims that arise during a Chapter 11, 12 or 13 case before it is converted to a Chapter 7 case.

Like this case, both *In re Jones* and *In re Morris* are two-conversion cases in which the claim at issue arose during the initial Chapter 7 case. The *In re Jones* court included little analysis in its opinion, instead relying on the section 348(d) analysis in *In re Hudson* and *In re Morris*. *See In re Jones*, 2021 WL 1157895, *3 (citing *In re Hudson*, 158 B.R. 670, 672 (Bankr. N.D. Ohio 1993) and *In re Morris*, 155 B.R. at 425). *In re Hudson* is persuasive for the proposition that conversion does not change the petition date or order for relief. *See In re Hudson*, 158 B.R. at 672. Otherwise, the *In re Hudson* facts are not analogous. In *In re Hudson*, the debtors filed under Chapter 7 and then converted to a Chapter 13 case under section 706. *Id.* Claims arising in a Chapter 7 case that is converted to a Chapter 13 case under section 706 do not fall within the scope of section 348(d). Unlike *In re Hudson*, the claim allowability issue in this case arose after the bankruptcy court converted the case under section 1307—a statute specifically listed in section 348(d).

5

The bankruptcy court in *In re Morris*—on which *In re Jones* also relies—observed that a literal reading of section 348(d) supports the proposition that if the debt arises after the order for relief but before conversion under section 1112, the debt falls within the scope of the statute. *In re Morris*, 155 B.R. at 425. Despite this literal reading of the plain language of section 348(d), the *In re Morris* court looked to legislative history and observed:

> The comments in the House and Senate Reports indicate that "[section 348(d)] provides for special treatment of claims that arise *during chapter 11 or 13 cases* before the case is converted to a liquidation case." H.R. Rep. No. 595, 95th Cong., 1st Sess. 337 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 48 (1978), *reprinted in* 1978 U.S.C.C.A.N. 50 & 510.

*Id.* (emphasis in original). Given the lack of ambiguity in the statute, the Court is not convinced that it is necessary to consider legislative history. *See Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019) ("If the words of a statute are unambiguous, this first step of the interpretive inquiry is our last."). Even if we consider the comments in the House and Senate Reports, it is not clear that Congress intended to exclude those debts arising in a Chapter 7 case that is later converted to a reorganization chapter and then converted to a Chapter 7 case. Multiple conversion cases are not mentioned in the comments.

If Congress meant to exclude claims arising in the initial Chapter 7 case, it could have easily added language in the statute, much like it excluded "claims specified in section 503(b)." The time period during which a qualifying claim under section 348(d) must arise is between the order for relief and conversion under section 1112, 1208, or 1307. 11 U.S.C. § 348(d). The Trustee's interpretation of section 348(d), which is consistent with *In re Jones* and *In re Morris*, invites this Court to read a limitation into the statute that is simply not there.

The bankruptcy court in *In re Morris* also looked to common law construing section 348(d) to support its conclusion that only claims arising while a case is under Chapter 11, 12 or 13 that is later converted to Chapter 7 fall within the scope of section 348(d). *In re Morris*, 155 B.R. at 425 (citing *Indep. Fire Ins. Co. v. Pender*

6

(*In re Phillip*), 948 F.2d 985, 989 (5th Cir. 1991); *In re West Johnson Corp.*, 96 B.R. 182, 184 (Bankr. W.D. Wis. 1988); *In re Blue Ribbon Delivery Serv., Inc.*, 31 B.R. 292, 293 (Bankr. W.D. Ky. 1983); *Still v. United Pipe & Supply Co.* (*In re W.L. Jackson Mfg. Co.*), 50 B.R. 498, 503 (Bankr. E.D. Tenn. 1985); *White Front Feed & Seed v. State Nat'l Bank of Platteville* (*In re Ramaker*), 117 B.R. 959, 963 (Bankr. N.D. Iowa 1990)).  The facts of these cases are distinguishable.

Although the Fifth Circuit Court of Appeals in *In re Phillip* noted that section 348(d) "expressly provides for special treatment of only those claims that arise against the estate during Chapter 11 or Chapter 13 cases that are later converted," this comment is dicta.  The issue before the Fifth Circuit Court of Appeals was whether the Trustee was time-barred from pursuing prepetition claims of the debtor, not whether claims arising after the order for relief and before conversion under sections 1112, 1208, or 1307 fall within the scope of section 348(d).  *See In re Phillip*, 948 F.2d at 989.  The Fifth Circuit looked to section 348(a) to resolve the issue.  *See id.*  It referenced section 348(d) only to highlight language relating to claims against the estate as opposed to claims on behalf of the estate.  *See id.*

The bankruptcy court cases cited by the *In re Morris* court in its analysis of section 348(d) are also distinguishable.  The courts in these cases addressed claims that arose while the respective cases were under Chapter 11.  None of the bankruptcy courts analyzed the issue before this Court because they all involved a single conversion from a Chapter 11 case to a Chapter 7 case.  To the extent the courts discussed the applicability of section 348(d) to claims arising in a reorganization chapter, these comments are not persuasive authority for the proposition that the scope of section 348(d) does not include claims arising in a Chapter 7 case that is later converted to a reorganization chapter and then converted to a Chapter 7 case.

The plain language of section 348(d) governs the outcome of this appeal. Natalia LaMonda's claim for unpaid child support arose after the order for relief and before this case was converted under section 1307.  Consequently, her claim must be treated as if it arose immediately before the petition date.  The bankruptcy court

7

erred as a matter of law in concluding otherwise, sustaining the Trustee's objection and disallowing Natalia LaMond's claim.

## CONCLUSION

For the reasons stated, the decision of the bankruptcy court is reversed, and the case remanded for further proceedings consistent with this opinion.

_____