**In re David Alan WRIGHT,
Constance Jo Wright.**

**Bankruptcy No. 83–40175.**

United States Bankruptcy Court,
D. Kansas.

Oct. 23, 1984.

---

Larry E. Schneider, Topeka, Kan., for debtors.

Lloyd C. Swartz, Topeka, Kan., as standing chapter 13 trustee.

Russell D. Kaufman, Asst. U.S. Atty., Topeka, Kan., for the U.S./I.R.S.

JAMES A. PUSATERI, Bankruptcy Judge.

## JOURNAL ENTRY

NOW on this 25th day of September, 1984 comes on for hearing the "Debtors' Modification of Plan After Confirmation to Pay I.R.S. Claim for 1983 Taxes in the Amount of $3,849.08," and "Objection of U.S.A./I.R.S. to Confirmation of Debtors' Modified Plan". Larry E. Schneider appeared on behalf of the debtors and Lloyd C. Swartz appeared as Standing Trustee; there were no other appearances. Whereupon the Court upon review of the file and arguments of counsel finds as follows:

## STATEMENT OF FACTS

1. That the debtors filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code on March 7, 1983.

2. That the debtors' proposed plan was confirmed on April 26, 1983, and did call for payment in full of I.R.S. claims paying the secured claim first and all priority claims under 11 U.S.C. § 507 to be paid in full in deferred cash payments during the plan.

3. That the I.R.S. did file with the Court a claim dated April 1, 1983, denominated as claim number 3 in the Court file and said claim alleged a secured claim in the amount of $4,148.64 and an unsecured priority claim of $4,474.82.

4. That pursuant to order of this Court entered June 9, 1983 claim was allowed $2,620.00 secured with interest accruing at 9.99% and an unsecured priority claim of $6,003.46.

5. That the I.R.S. did file with the Court a claim dated April 13, 1983 identified as a supplemental claim denominated as claim number 4 in the Court file setting forth an additional unsecured priority claim of $2,642.52.

6. That the I.R.S. did file with the Court a claim dated June 20, 1984 identified as an "Administrative claim" for tax period ending 12/31/83, in the amount of $3,393.10 tax due, $74.59 accrued interest as of the date of this request, $381.39 accrued penalty as of the date of this request for a total claim of $3,849.08 said claim being denominated as claim number 8 in the Court file.

7. That the debtors did file with the Court a post-confirmation modification of Chapter 13 plan on August 22, 1984 calling

for the treatment of claim number 8 as a priority debt and not an administrative expense.

8. That the United States of America, on behalf of the Internal Revenue Service, filed an objection to said modification on September 18, 1984.

### CONCLUSIONS OF LAW

In determining this case, the Court is asked to determine the proper method of treating a claim for post-petition taxes arising during the payout period of a pending Chapter 13 case.

Though no supporting argument has been provided by the I.R.S., it is apparent that the creditor is relying on 11 U.S.C. § 503(b)(1)(B) in submitting claim number 8. It is not disputed that the tax is due and owing by the debtors and that it was incurred during the pendency of the Chapter 13 case in question. However, there is some question if this is, in fact, a "Tax–(i) incurred by the estate."

In this particular case we are presented with claims arising out of activities of the debtors in a Chapter 13. For this reason the Court does not feel that is necessary to rule as to the applicability of 11 U.S.C. § 503 to this claim as there is a specific statute in Chapter 13 dealing specifically with claims of this type. 11 U.S.C. § 1305 states in part:

"(a) A proof of claim may be filed by an entity that holds a claim against the debtor—

(1) For taxes that become payable to a governmental unit while the case is pending;"

Thus the clear meaning of this statute is to allow for the filing of a claim such as that filed by the I.R.S. as claim number 8. It is important to note that 11 U.S.C. § 1305 speaks of a claim against the debtor and not the estate. Thus 11 U.S.C. § 502 must be read with the light of 11 U.S.C. § 1305 aiding in the interpretation.

The Court believes that in such a reading the I.R.S. is allowed to file a claim for post-petition taxes during the pendency of a Chapter 13 case under 11 U.S.C. § 1305.

The Court also believes 11 U.S.C. § 1305(b) controls the proper method for treating such a claim:

"Except as provided in subsection (c) of this section, a claim filed under subsection (a) of this section shall be allowed or disallowed under section 502 of this title, but shall be determined as of the date such claim arises, and shall be allowed under section 502(a), 502(b), or 502(c) of this title, or disallowed under section 502(d) or 502(e) of this title, *the same as if such claim had arisen before the date of the filing of the petition.*" (emphasis added) 11 U.S.C. § 1305(b).

Thus the claim # 8 filed by the I.R.S. shall be allowed and treated as a priority claim to be paid pursuant to the plan in deferred cash payments prior to the completion of the plan and discharge of the debtor.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the post-confirmation modification of the debtor shall be allowed, to treat the claim number 8 of the I.R.S. as a priority unsecured claim, and the objections of the U.S.A. on behalf of the I.R.S. are overruled.

IT IS SO ORDERED.