In re Charles P. FARQUHAR and Thelma L. Farquhar, Debtors.

Bankruptcy No. 88 B 04410 J.

United States Bankruptcy Court, D. Colorado.

Nov. 20, 1989.

Sally Zeman, Chapter 13 Trustee, Denver, Colo.

Michael J. Woodford, Holder and St. Clair, Boulder, Colo., for debtors.

### MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

This matter comes before the Court upon a Verified Motion to Modify Chapter 13 Plan After Confirmation filed on behalf of the Debtors.

The Debtors have incurred significant post-petition expenses and they now seek to amend their confirmed Chapter 13 plan in order that these debts may be discharged by their plan. The amendment adds Class 5 creditors divided into three categories:

Category 1—$19,950.64 in medical expenses.

Category 2—$10,249.87 for damages resulting from a fire at the Debtor's residence.

Category 3—$1,861.56 in incidental expenses such as food, gas and telephone.

At the hearing held October 10, 1989, the Chapter 13 Trustee asserted that there was lack of good faith in filing the amendment and that the Debtors do not have standing to file proofs of claim on behalf of creditors. Three issues must be decided by the Court in order to resolve this matter:

1. Are these claims for tax or consumer debt?

2. Do the Debtors have standing to file proofs of claim on behalf of creditors?

3. Can the Debtors amend their plan and discharge post-petition debt?

Post-petition claims are governed by 11 U.S.C. § 1305.[1] The initial inquiry must be into what type of debt the Debtors are attempting to discharge by amending their plan. The requested amendment does not include any tax debt, hence § 1305(a)(1) does not apply. Therefore, in order to allow for the requested post-petition claims, such claims must be consumer debt that is for property or services necessary for the debtor's performance under the plan. The legislative history of this section indicates that the type of claims Congress had in mind here was for expenses such as medical bills or auto repair costs. Category 1 and 3 debts for medical, food and transportation expenses clearly fall within the parameters of "consumer debt necessary for

---

1. § 1305. Filing and allowance of postpetition claims.

(a) A proof of claim may be filed by any entity that holds a claim against the debtor—

(1) for taxes that become payable to a governmental unit while the case is pending; or

(2) that is a consumer debt, that arises after the date of the order for relief under this chapter, and that is for property or services necessary for the debtor's performance under the plan.

(b) Except as provided in subsection (c) of this section, a claim filed under subsection (a) of this section shall be allowed or disallowed under section 502 of this title, but shall be determined as of the date such claim arises, and shall be allowed under section 502(a), 502(b), or 502(c) of this title, or disallowed under section 502(d) or 502(e) of this title, the same as if such claim had arisen before the date of the filing of the petition.

(c) A claim filed under subsection (a)(2) of this section shall be disallowed if the holder of such claim knew or should have known that prior approval by the trustee of the debtor's incurring the obligation was practicable and was not obtained.

the debtor's performance under the plan." The same cannot be said for the Category 2 debt of $10,249.87 for fire damage. This debt was incurred as a consequence of damages resulting from the Debtors' supposed negligence, and was not incurred to aid in the Debtor's performance under the plan. Therefore, Category 2 debt may not be included in any post-petition claims allowed.

■ In order for a creditor to share in distribution under a Chapter 13 plan, such creditor must have filed a proof of claim. (Bankruptcy Rule 3002 and *In re Johnson*, 95 B.R. 197 (Bkrtcy.D.Colo.1989)). Though § 501 allows a debtor to file a proof of claim on behalf of a creditor, such section does not apply to this case, because the post-petition claimants for consumer debt are not "creditors" as defined in § 101:

Section 101(9)—"creditor" means—

(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;

(B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or

(C) entity that has a community claim.

The claims did not arise at the time of or before the order for relief, § 101(9)(A); this matter does not concern a converted or involuntary case, nor executory contracts, recovery of property or taxes, § 101(9)(B); and there is no community claim, § 101(9)(C). Thus, there is no authorization in the Code which would allow the debtor in the case at bar to file a proof of claim on behalf of the claimants for post-petition consumer debt, and the Chapter 13 Trustee is correct in her assertion that the Debtors do not have standing to file these proofs of claim.

■ Nevertheless, proofs of claim for these post-petition debts may be filed by the claimants themselves. The Debtors may be discharged from "debts provided for by the plan" (§ 1328(a)), but there are certain other requirements with which the Debtors must comply in order to assure the dischargeability of these debts. To insure the claimants procedural due process, the plan must provide for a period of time within which the post-petition claimants may file their proofs of claim and have them allowed or disallowed. The Debtors' proposed amended plan makes no such provision, and therefore, must fail in this respect.

If prior approval by the trustee of the Debtors incurring such debts was practicable and was not obtained, the debts will not be dischargeable. (§ 1305(c) and § 1328(d)). There was no evidence presented that the Chapter 13 Trustee's approval could have been obtained prior to the Debtors incurring these debts, and the Court must therefore assume that such was not the case.

■ Finally, it must be determined if the plan as amended treats classes of creditors in a discriminatory manner. (11 U.S.C. § 1322(b)(1)). In this respect also, the Debtors' plan must fail. The Original confirmed plan provided for a payment to Class 4 unsecured creditors of 23.58%. The amended plan retains this percentage payment to Class 4 unsecured creditors, but provides for a payment to Class 5 unsecured creditors of only 5.2%. Both Classes 4 and 5 include unsecured consumer debts, the only difference being that the Class 5 debt was incurred post-petition. There was no evidence presented indicating that there was a co-debtor on these Class 5 debts which would warrant such different treatment. This discriminates unfairly against the post-petition claimants. It is, therefore,

ORDERED that the Motion to Modify Chapter 13 Plan After Confirmation be and the same is hereby denied.