**In re ZOOK, Michael R. and Zook, Denise, Debtors.**

**Bankruptcy No. 91–01228–13.**

United States Bankruptcy Court, D. Idaho.

Aug. 20, 1992.

Louis Garbrecht, Coeur d'Alene, Idaho, for debtor.

Michael J. Sheeley, Deputy Atty. Gen., Boise, Idaho, for State Tax Commission.

## SUMMARY ORDER

ALFRED C. HAGAN, Chief Judge.

In order to facilitate the payment of taxes by the trustee under the terms of their chapter 13 plan, the debtors filed a claim on behalf of the Idaho State Tax Commission (STC). The STC then filed an objection to the claim, contending the filing of the claim by the debtors was improper and unauthorized. The taxes apparently accrued both before and after the debtors' chapter 13 filing, but were not payable until April 15, 1992. The debtors' chapter 13 petition was filed on April 15, 1992.

The claim was filed by the debtors under the provisions of 11 U.S.C. § 501(c)[1] and

---

**1.** 11 U.S.C. § 501(c) provides:

If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

F.R.B.P. 3004 authorizing a debtor to file a claim on behalf of the creditor.[2] STC argues, however, the provisions of 11 U.S.C. § 1305 preclude a debtor from filing a claim for a taxing entity, and cites the case of *In re Glover,* 107 B.R. 579 (Bankr. S.D.Ohio 1989).

The *Glover* case holds a debtor may not modify a confirmed chapter 13 plan to recognize a postpetition claim filed by the debtor on behalf of the creditor. The basis of the decision was the fact the claim was a postpetition claim not authorized for inclusion in a chapter 13 plan under 11 U.S.C. § 1305(a) as a tax or administrative expense.

In the instant case, the claim is for postpetition taxes, and is thus authorized as a postpetition claim for treatment in the debtor's plan under Section 1305(a). STC does not dispute the amount of the claim, and shows no prejudice as a result of the debtors' filing of the claim. The filing of a claim by a debtor for a taxing entity under 11 U.S.C. § 501(c) and F.R.B.P. 3004 is not specifically prohibited by any statute or rule.

Accordingly, it is,

ORDERED:

The objection of the Idaho State Commission to the claim filed by the debtors on its behalf is denied.

---

**2.** F.R.B.P. 3004 provides:

### FILING OF CLAIMS BY DEBTOR OR TRUSTEE

If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003(c), shall supersede the proof filed by the debtor or trustee.