**In re Hector FLORES, Debtor.**

**No. 99–50398–L2–13.**

United States Bankruptcy Court,
S.D. Texas,
Laredo Division.

Aug. 13, 2001.

Argentina Cronfel-Meurer, Cronfel Meurur, P.C., Laredo, TX, for debtor.

David Peake, Houston, TX, Chapter 13 Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING ORDER VACATING MODIFICATION OF DEBTOR'S CHAPTER 13 PLAN (doc# 55) AND SETTING STATUS CONFERENCE

WESLEY W. STEEN, Bankruptcy Judge.

It is undisputed that the Debtor collected approximately $3,300 of sales taxes subsequent to the filing of this chapter 13 bankruptcy case and subsequent to the confirmation of the chapter 13 plan. The Debtor has not paid those sales taxes over to the Comptroller of Public Accounts for the State of Texas ("Comptroller"). The Debtor filed a proof of claim on behalf of the Comptroller and filed a motion to modify his chapter 13 plan to pay the claim in installments over the remaining term of the plan. The Comptroller asks the Court to deny plan modification and to prohibit the Debtor from filing any claim for postpetition taxes. For reasons set forth below, the proof of claim filed by the Debtor is struck, in part, and the order approving modification of the plan is vacated.

### FACTS [1]

The Debtor filed this chapter 13 case on August 31, 1999. The Comptroller filed a proof of claim for sales taxes that had been collected by the Debtor prepetition but not

---

1. The Comptroller's allegations of fact appear to be undisputed. The parties have presented the issue on what appears to be undisputed facts but competing contentions about the law. The following findings are made from these uncontested fact allegations and from

paid over to the Comptroller. Subsequent to filing the bankruptcy petition, the Debtor filed a sales tax return for the third quarter of 1999, but did not pay over the taxes due.[2] The third quarter included two prepetition months [3] and one postpetition month.[4] The Debtor's third amended chapter 13 plan was confirmed (after many false starts and contested matters) by order entered on May 23, 2000.

The Debtor filed postpetition sales tax returns for the fourth quarter of 1999 and for all subsequent quarters, but failed to pay over the taxes. As of June 16, 2001, approximately $3,300 was due for the period July, 1999, through March, 2001.

On motion of the Debtor, the plan was modified on May 16, 2001, to treat (among other things) postpetition debt owed to the Comptroller for sales taxes collected postpetition by the Debtor but not paid over. The Comptroller did not file a timely objection to the modification. On May 17, however, the Comptroller filed an objection to the plan modification. The Comptroller alleged that it had not received timely notice of the proposed plan modification. Without objection from the parties, the Court has heard the dispute between the Debtor and the Comptroller as a motion under rules 9023 and 9024 to vacate the plan modification.

## CONTENTIONS

*The Comptroller*

The Comptroller contends that "Debtors may not compel creditors to participate in a plan for post-petition claims, either by filing a proof of claim on the creditor's behalf or by seeking to modify an already-confirmed plan." [5]

The only allegedly controlling authority cited by the Comptroller is *In the Matter of Ripley*, 926 F.2d 440 (5th Cir.1991). Unfortunately, the *Ripley* case deals with income tax, not sales tax,[6] and the language cited by the Comptroller is not the holding of the case, but rather is found in a footnote and is dicta. In *Ripley, the IRS (not the debtor) had filed a postpetition proof of claim;* the issue was whether the claim accrued prepetition (when Ripley had failed to make estimated income tax payments) or whether the claim accrued postpetition (when the income tax return was due.) The debtor in *Ripley* did not file a proof of claim on behalf of a creditor and the Fifth Circuit did not decide that issue. The Fifth Circuit decision does not analyze Bankruptcy Code Section 501(c) or (d), Section 502(i), or Section 507(a)(8).

The Comptroller cites extensive non-controlling authority. More persuasive than the Comptroller's memorandum on this issue, however, is the analysis in the principal treatise on chapter 13: Lundin, *Chapter 13 Bankruptcy*, 3rd Ed.[7] In that treatise, Judge Lundin writes in § 302–1:

> There is no provision of the Code or Rules authorizing the debtor or the trustee to file a proof of a postpetition

the Court's records. The Comptroller's allegations of fact are taken from his Memorandum of Law Regarding Attempted Post–Confirmation Modification of Plan (docket # 63).

2.  In some cases, the returns were filed without any attempt to pay the tax. In one case, a check was sent with the return but was returned NSF.

3.  July and August, 1999.

4.  September, 1999.

5.  Docket # 63, page 3.

6.  The significance is found in specific statutory provisions in Bankruptcy Code § 502(i) and 501(d) applicable to liability for sales taxes that arises postpetition.

7.  Hereafter, "Lundin".

claim. With but one exception, every reported decision addressing the question has concluded that only the holder of a postpetition claim can file proof of that claim.

The "one exception" is *In re Zook,* 144 B.R. 489 (Bankr.D.Idaho 1992), which is less than satisfactory because it fails adequately to explain the application of statutory provisions on which it relies.

The decisions cited by Judge Lundin to the contrary are: *In re Bagby,* 218 B.R. 878 (Bankr.W.D.Tenn.1998); *In re Epstein,* 200 B.R. 611 (Bankr.S.D.Ohio 1996); *In re Smith,* 192 B.R. 712 (Bankr. E.D.Tenn.1996); *In re.Hudson,* 158 B.R. 670 (Bankr.N.D.Ohio 1993); *In re Trentham,* 145 B.R. 564 (Bankr.E.D.Tenn.1992); *In re Goodman,* 136 B.R. 167 (Bankr. W.D.Tenn.1992); *In re Martin,* 130 B.R. 349 (Bankr.M.D.Fla.1991); *RTO Rents v. Benson (In re Benson),* 116 B.R. 606 (Bankr.S.D.Ohio 1990); *In re Farquhar,* 112 B.R. 34 (Bankr.D.Colo.1989) *In re Roseboro,* 77 B.R. 38 (Bankr.W.D.N.C. 1987); *In re Rothman,* 76 B.R. 38 (Bankr. E.D.N.Y.1987); *In re Gyulafia,* 65 B.R. 913 (Bankr.D.Kan.1986); *Hester v. Powell,* 63 B.R. 607 (Bankr.E.D.Tenn.1986); *In re Dickey,* 64 B.R. 3 (Bankr.E.D.Va.1985); *In re Pritchett,* 55 B.R. 557 (Bankr.W.D.Va. 1985); *In re Wright,* 66 B.R. 125 (Bankr. D.Kan.1984); *In re Hefner,* 32 B.R. 382 (Bankr.W.D.N.Y.1983); *Federal Nat'l Mortgage Ass'n v. Moore (In re Shahid),* 27 B.R. 673 (Bankr.S.D.Ohio 1982).

Judge Lundin, and many of the cases, cite Bankruptcy Code Section 1305 which deals with "Filing and allowance of postpetition claims" in chapter 13 cases. That section of the Bankruptcy Code provides that

(a) A proof of claim *may be filed* by any entity that holds a claim against the debtor [emphasis supplied]

(b) ... [A] claim filed under subsection (a) of this section shall be allowed ...

■ From this, Judge Lundin and the cases conclude that *only* the creditor may file the claim and that a postpetition claim can be allowed *only* if it is filed under § 1305(a). But that is not what the statute says. The statute *permits* a creditor to file a postpetition claim and provides for allowance of that claim. It does not exclude other means of allowing postpetition claims. The legislative history supports the notion that there are other methods under which a postpetition claim may be allowed:

> Section 1305 ... supplements the provisions of sections 501–511 of title 11, dealing with the filing and allowance of claims. Sections 501–511 apply in chapter 13 cases by virtue of section 103(a) of this title.[8]

Section 103(a) of the Bankruptcy Code provides: "[C]hapters 1, 3, and 5[9] of this title apply in a case under chapter ... 13." Therefore claims can be filed in chapter 13 cases under § 501(d).

The Court can find no authority that comprehensively discusses the application of Bankruptcy Code Section 501–511 to postpetition claims in chapter 13 cases. *The Debtor*

The Debtor proposes a very simple argument. Section 507(a)(8) provides that a debt for sales taxes is entitled to priority (an eighth priority) in distribution under the Bankruptcy Code.[10] Bankruptcy Code Section 502(i) provides:

8. S.Repl. No. 95–989, 95th Cong.2d Sess (1978), p. 140, U.S.Code Cong. & Admin.News, 1978, pp. 5787, 5926.

9. Which includes Bankruptcy Code Sections 501–511.

10. Bankruptcy Code Section 507(a)(8)(C).

A claim that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(8) of this title shall be determined, and shall be allowed ... the same as if such claim had arisen before the date of the filing of the petition.

Bankruptcy Code Section 501(c) and (d) provide:

(c) If a creditor does not timely file a proof of such creditor's claim the debtor or the trustee may file a proof of such claim.

(d) A claim of a kind specified in section ... 502(i) of this title may be filed under subsection ... (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.

*Collier on Bankruptcy*, *15th Ed.* ¶ 1300.70[1][d] states:

A ... debtor ... may file a proof of claim, as permitted under section 501 ... (c) based on a postpetition claim of the kind specified in section ... 502(i) [postpetition priority tax claim].[11]

Therefore, the Debtor argues, the statute authorizes the debtor to file a claim (on behalf of the Comptroller) for taxes that arise postpetition, and to treat those taxes (perhaps under the plan) as if they arose prepetition.[12]

But the Debtor's argument has problems as well. First, it is not clear whether

a "claim that does not arise until after the commencement of the case" (in the language of § 502(i) and 501(d)) is the same as a "postpetition claim" (which is the language of § 1305). Second, § 501(c) seems to imply that the debtor can only file the claim if the creditor does not do so timely, but there is no time limit for a creditor to file a postpetition claim in a chapter 13 case.[13] Third, there is no procedure specified in the Federal Rules of Bankruptcy Procedure for the debtor to file a postpetition claim on behalf of a creditor.

## CONCLUSIONS OF LAW

The Court sees its task to be reconciliation of §§ 1305 (and the jurisprudence) with § 507(a)(8), § 501(c) & (d), and § 502(i), a task which the many cases cited above do not undertake. The task is not an easy one. As Judge Lundin notes:

Postpetition claims are a complex area of Chapter 13 practice. The Code and Bankruptcy Rules do not manage postpetition claims very well. The result is too much uncertainty for debtors and postpetition claim holders, much complicated strategy serving no obvious good purpose and a growing body of case law that is a testament to the lack of clarity in the Code and Rules.

'Postpetition claim' is conceptually difficult for bankruptcy practitioners because we are taught under other chapters of the Code that the petition draws

---

11. This authority was cited by Debtor's counsel in a letter memorandum. However, Debtor's letter contained a typographical error; she cited paragraph "1300.701[d]" instead of "1300.70[1][d]". The Assistant Attorney General has accused Debtor's counsel of misleading the Court, asserting that she cited authority that did not exist. The Court finds that this was an inadvertent typographical error, not an ethical breach; the correct citation was easy for the Court, if not for the Attorney General, to find. The Assistant Attorney General should consider toning down future

memoranda. An apology would be appropriate.

12. For reasons explained below, it is unfortunate that *Collier* uses the word "postpetition" instead of the statutory language "claim that does not arise until after the commencement of the case ..."

13. Rules 3002 and 3004 of the Federal Rules of Bankruptcy Procedure simply do not provide any guidance.

the line: bankruptcy deals with debts that exist at the petition.[14]

Some of the difficulty might be resolved by avoiding unnecessary generalization. Not all postpetition claims are alike. Specifically, Bankruptcy Code sections 501(c) & (d) and § 502(i) provide that a claim for sales taxes that arises postpetition "may be filed . . . the same as if such claim . . . had arisen before the date of the filing of the petition"[15] and "shall be allowed . . . the same as if such claim had arisen before the date of the filing of the petition."[16] There is no similar statutory provision, for example, for credit card purchases made by the debtor postpetition. Logic, analysis, and result applicable to one type of claim may not apply to another type of claim.

Some of the difficulty might be resolved by distinguishing between "postpetition claims" and "claims that arise" after the bankruptcy petition is filed. There is no statutory definition, but legislative history is useful. With respect to § 501(c) and (d), the legislative history states:

> Subsection (d) governs the filing of claims of the kinds specified in . . . [§ 502(i)] . . . The separation of this provision from the other claim filing provisions . . . is intended to indicate that claims of the kind specified, which do not become fixed or do not arise until after the commencement of the case, must be treated differently for filing purposes such as bar date for filing claims.[17]

*Collier on Bankruptcy, 15th Ed.Rev.* ¶ 502.10[2] explains in more detail the effect of § 502(i):

Properly interpreted, section 502(i) only makes clear that taxes incurred by the debtor prepetition but not becoming due and payable until after the petition is filed are allowed under section 502 just as any other prepetition claim . . .

The treatment of a tax claim as a prepetition claim versus a postpetition claim is crucial to the debtor in many instances. For example, in chapter 13 cases, tax claims which are prepetition may always be provided for in the debtor's chapter 13 plan. However, postpetition tax claims may not be paid through the plan unless the tax creditor files a postpetition claim pursuant to section 1305 of the Code and thereby agrees to such treatment.

▮ Therefore, *with respect to § 507(a)(8) sales tax liability in chapter 13 cases,* the Court concludes as follows. The Debtor may file a proof of claim for the taxing authority if (i) the claim arises postpetition (because, for example, of the due date of the return), (ii) the claim is related to prepetition activity, and (iii) the taxing authority has not filed a claim within the deadline for filing a governmental claim.[18]

However, the debtor may not file a claim on behalf of a taxing authority with respect to postpetition claims. A postpetition claim, *with respect to § 507(a)(8) sales tax liability in chapter 13 cases,* is a liability that arises postpetition and relates only to postpetition activity. Bankruptcy Code Section 1305 does not authorize the debtor to file a proof of claim for the creditor for

---

14. Lundin, § 302.1.

15. Bankruptcy Code Section 501(d).

16. Bankruptcy Code Section 502(i).

17. H.Rept. No. 95–595 to accompany H.R. 8200, 95th Cong. 1st Sess. (1977) pp. 351, 352, U.S.Code Cong. & Admin.News 1977, pp. 5963, 6307–08.

18. The Court notes that ¶ 502.10[2] of *Collier* either "clarifies" or "contradicts" ¶ 1300.70[1][d], depending on ones point of view.

these postpetition claims. There does not appear to be any other statutory authority for the debtor to do so. Bankruptcy Code section 501(c) only authorizes the debtor to file a proof of claim on behalf of a creditor if the creditor does not file the claim timely. Since there is no deadline for filing a postpetition claim,[19] the debtor's right under § 501(c) never arises. Section 501(d) and Section 502(i) deal with claims for sales taxes that *arise after* the petition date. Congress used different words in § 1305 when it dealt with *postpetition claims*. Based on the different language and on the legislative history, the Court concludes that differences were intended.

Therefore, by separate order issued this date, the proof of claim filed by the debtor with respect to sales tax liability that related solely to postpetition activity (liability for the fourth quarter of 1999 and subsequently) is struck. The order approving modification of the Debtor's plan is vacated. The proof of claim filed by the Debtor on behalf of the Comptroller with respect to taxes due for the third quarter of 1999 is allowed and, under § 502(i) will be treated as a prepetition claim.

The parties did not contest whether the Comptroller may or may not (while the chapter 13 case is pending) attempt to collect sales taxes for which the Comptroller elects not to file a proof of claim. The Court does not address that issue, but refers the parties to § 302.1 of Judge Lundin's treatise and to footnote 11 of the *Ripley* case which suggests that if the Comptroller does not file a postpetition claim he may have to wait until the case is closed.

---

19. *See* Bankruptcy Code Section 1305, Federal Rules of Bankruptcy Procedure 3002, legislative history cited above.