In the Matter of Patricia
R. SEYDEN, Debtor.

No. 01–43707.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Aug. 23, 2002.

R. Wade Gastin, Savannah, GA, for debtor.

Sylvia Ford Brown, Savannah, GA, trustee.

### ORDER ON DEBTOR'S MOTION TO ALLOW POST PETITION IRS CLAIM

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

Debtor Patricia R. Seyden ("Debtor") filed her Chapter 13 case on December 6, 2001. On April 22, 2002, she filed a Motion to Allow Post–Petition Claim for a "shortfall" in her 2001 federal taxes payable to the Internal Revenue Service ("the IRS"). This Court confirmed her plan for reorganization ("the Plan") on April 30, 2002. Debtor seeks to amend her schedules to add the IRS debt as an unsecured priority claim to be paid within the Plan, under which Debtor proposes to extend payments an additional seven months at the confirmed dividend. The IRS objects to adding the claim. A determination in this matter is within this Court's jurisdiction under 28 U.S.C. § 157(b)(1) and (2)(A) and (B).

Debtor asserts two bases for allowing the claim: (1) that the tax debt constitutes a pre-petition accrued claim, in that taxes were withheld from her paychecks and the current debt resulted from a shortfall that arose as a result of underwithholding; and (2) that even if the debt is construed to have arisen post-petition, 11 U.S.C. § 502 operates to allow Debtor to add the claim to her case and pay it through her current plan. The IRS contends that Debtor's tax debt arose post-petition and that Debtor may not add the claim in light of the objection of the IRS, which has the option of deciding whether it wants its post-petition claim to be included in Debtor's Plan.

■ Debtor's first contention is easily disposed of. Although there are different views regarding the question of when a tax debt "arises" for bankruptcy purposes, two of which apply to an individual taxpayer filing yearly—at the end of the calendar year or on the date the tax return is due,[1] this Court need not decide that issue for purposes of this determination. In that Debtor filed her Chapter 13 case prior to both these dates, her 2001 IRS tax debt clearly arose post-petition.

■ With respect to Debtor's second contention, I conclude, for the reasons that follow, that Debtor has no standing to file a post-petition claim for her 2001 tax shortfall, that § 502(i) does not apply to the debt at issue, and that Debtor may not provide for payment of that claim through her existing Chapter 13 Plan.

■ Section 1305 which applies to post-petition claims generally permits *only* the party asserting the claim to file it. A reading of § 1305(a) "makes it obvious that it is within the post-petition creditor's control whether a proof of claim is filed for a post-petition debt" because "[t]here is no provision in § 1305(a) for the debtor to force a post-petition creditor to file a proof of claim or for the debtor to file a proof of claim on behalf of a post-petition creditor." *In re Haith*, 193 B.R. 341, 343 (Bankr. N.D.Ala.1995); *accord, e.g., In re Bryant*, 1998 WL 412632, *3 (Bankr.E.D.Va.1998) ("Whether to file a claim under § 1305(a) is a voluntary decision on behalf of the governmental unit, and it is well established that the debtor, trustee, or any other party in interest other than the governmental unit cannot file a proof of claim on behalf of the taxing authority."); *In re Farquhar*, 112 B.R. 34, 36 (Bankr.D.Colo. 1989) ("Debtors do not have standing to file these proofs of claim."); *In re Glover*, 107 B.R. 579, 581 (Bankr.S.D.Ohio 1989) ("Unlike § 501 and Bankruptcy Rule 3004, there is no authorization [in § 1305] for a Debtor to file a claim on behalf of an entity whose claim arose post-petition."). Because Section 1305 grants the right to file post-petition claims only to claimholders, not to Chapter 13 debtors, Debtor has no standing to file her post-petition tax claim over the IRS objection.

■ A more specific tax provision provides:

A claim that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(8) of this title shall be determined, and *shall be allowed* under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, *the same as if such claim*

---

**1.** *Compare, e.g., United States v. Ripley (In re Ripley)*, 926 F.2d 440, 444 (5th Cir.1991) (holding that taxes "become payable" when they "must be paid," are "justly due," and when "the debt is payable at once," *i.e.,* on date tax return is due), *with Dixon v. IRS (In re Dixon)*, 218 B.R. 150, 152 (10th Cir. BAP 1998) ("One would not be stretching the meaning of § 1305(a)(1) to say those taxes 'became payable' ... as of the day after [the debtors'] tax year ended.").

*had arisen before the date of the filing of the petition.*

§ 502(i) (emphases added). Thus, a post-petition tax claim, once properly filed, "shall be" either allowed or disallowed under § 502.

■ Here, however, Debtor's claim was not properly fileable in the first place. Section 1305 grants permission to "any entity that holds a claim against the [Chapter 13] debtor" to file a post-petition claim against the debtor "for taxes that become payable to a governmental unit while the case is pending," § 1305(a)(1). That claim, after it has been filed in accordance with § 1305(a), is then allowed or disallowed pursuant to the requirements of § 502. § 1305(b). The provisions of § 502 do not apply until and unless a claim is properly filed under § 1305(a). "Rules of statutory construction dictate that the plain meaning is conclusive, 'except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'" *Green Tree Acceptance, Inc. v.* *Hoggle (In re Hoggle)*, 12 F.3d 1008, 1010 (11th Cir.1994) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989)). Because subsection (b) of § 1305 expressly states that § 502 applies to claims filed in accordance with subsection (a) of § 1305, which qualifiedly permits Chapter 13 *claimholders*—not debtors—to file post-petition claims, there is no indication that the drafters intended debtors to have the option of filing such claims. Therefore, Debtor's claim, which arose post-petition and is not fileable as a post-petition claim under § 1305(a), may not be paid under Debtor's confirmed Chapter 13 Plan.[2]

Pursuant to the above, Debtor's motion to add a claim for her 2001 tax debt to the Internal Revenue Service IS DENIED.

---

**2.** Had Debtor's claim been fileable under § 1305(a), it would have been allowable under § 502(i), which operates to allow a post-petition tax claim encompassed within the kind of claims listed in § 507(a)(8), *see* § 502(I). Section 507(a)(8)(iii) encompasses the kind of claim at issue, in that the claim was "assessable under applicable law" as required in subsection (iii) and that it is not "a tax of a kind specified in section 523(a)(1)(B) or (C)." *See id.*