*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 12a0069p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

In re:  DIANETTE HIGHT,

　　　　　　　　　　　　　　　　　*Debtor.*

————————————————————

MICHIGAN DEPARTMENT OF TREASURY,
named as State of Michigan, Department of
Treasury,

　　　　　　　　　　　　　　　　　*Appellant,*

　　　*v.*

DIANETTE HIGHT,

　　　　　　　　　　　　　　　　　*Appellee.*

No. 10-2103

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 10-00454—Robert Holmes Bell, District Judge.

Argued:  November 15, 2011

Decided and Filed:  March 5, 2012

Before:  MARTIN and GIBBONS, Circuit Judges; STEEH, District Judge.[*]

_____

## COUNSEL

**ARGUED:**  Steven B. Flancher, OFFICE OF THE MICHIGAN ATTORNEY
GENERAL, Lansing, Michigan, for Appellant.  Benjamin M. White, KELLER &
ALMASSIAN, PLC, Grand Rapids, Michigan, for Appellee.  **ON BRIEF:** Heather
M.S. Durian, OFFICE OF THE MICHIGAN ATTORNEY GENERAL, Lansing,
Michigan, for Appellant.  Benjamin M. White, KELLER & ALMASSIAN, PLC, Grand
Rapids, Michigan, for Appellee.

_____

[*]The Honorable George C. Steeh, United States District Judge for the Eastern District of
Michigan, sitting by designation.

1

———————————

**OPINION**

———————————

JULIA SMITH GIBBONS, Circuit Judge.  In this bankruptcy case, the Michigan Department of Treasury objected to a protective proof-of-claim for a 2008 income tax debt filed on its behalf by a debtor, Dianette Hight, who filed for bankruptcy in January 2009, before the return and payment for these taxes were due on April 15, 2009.  The bankruptcy court overruled this objection, finding that the claim was permitted, and the district court affirmed.  On appeal, the Michigan Department of Treasury argues that such a claim is not permitted under 11 U.S.C. § 1305, which allows entities that hold claims against a debtor to file a postpetition claim for taxes that become payable while the bankruptcy case is pending.  The Department of Treasury further argues that Hight's claim does qualify for treatment under 11 U.S.C. § 502(i), which allows certain tax claims that arise after the commencement of the bankruptcy case to be treated as if they arose before the filing of the petition.  For the reasons that follow, we affirm the decision of the district court.

I.

On January 28, 2009, Hight filed her voluntary bankruptcy petition under Chapter 13 of the Bankruptcy Code, and on February 4, 2009, she filed her Chapter 13 plan with the bankruptcy court.  On April 8, 2009, Hight filed her Michigan state income tax return, which indicated that she owed the state $4,900 in income taxes for the 2008 tax year.  She did not make payment when she filed her return nor when the taxes became due on April 15, 2009.

On July 17, 2009, Hight filed a proof-of-claim on behalf of the Michigan Department of Treasury ("Treasury"), which meant that Hight's tax debt would be paid through her Chapter 13 plan.  Treasury, which had not filed any claims in Hight's bankruptcy case, objected to the claim filed by Hight on its behalf.  Treasury argued that this was a postpetition claim falling under 11 U.S.C. § 1305, which gives only a creditor

the option of filing a claim, and that Hight, as a debtor, could not file such a claim on its behalf. Hight responded to Treasury's objection by arguing that her protective claim was permitted under § 501(c).[1]

The bankruptcy court overruled Treasury's objection, holding that while the claim did not arise until after Hight had commenced her case, and was thus a postpetition claim, "Section 1322(a) required that it be paid as if it were a prepetition claim," and Hight, therefore, "had the opportunity under Section 501(c) to file a protective claim when the State elected not to file its own proof of claim." *In re Hight*, 426 B.R. 258, 264 (Bankr. W.D. Mich. 2010) (footnote omitted). Treasury then appealed to the district court. The district court affirmed the bankruptcy court's ruling, finding that sections 502(i), 507(a)(8), and 1322(a)(2) of the Bankruptcy Code established "a Congressional intent to treat taxes on income for the taxable year preceding the bankruptcy case as prepetition claims and to bring those claims into the bankruptcy plan." *In re Hight*, 434 B.R. 505, 510 (W.D. Mich. 2010). Treasury has now appealed to this court.

## II.

Whether Hight's protective claim is permitted over Treasury's objection is a question of law. In bankruptcy appeals from the district court, this court reviews the district court's conclusions of law *de novo*. *In re Batie*, 995 F.2d 85, 88 (6th Cir. 1993).

In order to succeed on appeal, Treasury must establish that (1) Hight's protective proof-of-claim for her 2008 tax debt was a postpetition claim and (2) her claim does not fall within the exception for postpetition claims carved out in § 502(i). Even if we assume that Treasury's claim on Hight's 2008 tax debt was a postpetition claim,[2] Treasury cannot show that Hight's tax debt falls outside the exception for postpetition claims set forth in § 502(i).

---

[1] Unless otherwise designated, all references to "Section ___," "§ ___," "Bankruptcy Code," or "Code" shall be to the Bankruptcy Code as currently amended, 11 U.S.C. §§ 101, *et seq*.

[2] The bankruptcy court came to this conclusion, *In re Hight*, 426 B.R. at 260, and the district court assumed without deciding that the claim was a postpetition claim. *In re Hight*, 434 B.R. at 510 n.5.

First, as Treasury correctly notes, the plain language of § 1305 does not permit debtors to file claims on a creditor's behalf.  It provides:

> (a) A proof of claim may be filed by any entity that holds a claim against the debtor--
>> (1) for taxes that become payable to a governmental unit while the case is pending; . . .

§ 1305(a)(1).  Thus, only an "entity that holds a claim against the debtor" may file a claim under this section.  Hight was not permitted under § 1305(a) to file a protective claim on Treasury's behalf for her 2008 tax debt.

Hight does not dispute this point.  Instead, she argues that the language of § 1305 is "permissive, not restrictive" and that it does not follow that because § 1305 permits a creditor to file a postpetition claim, it also forbids a debtor from filing a like claim where there are separate Code provisions that specifically allow the debtor to do so.  Hight is correct.  Section 1305(a) "*permits* a creditor to file a postpetition claim and provides for allowance of that claim.  It does not exclude other means of allowing postpetition claims."  *In re Flores*, 270 B.R. 203, 206 (Bankr. S.D. Tex. 2001).  Furthermore, "there is nothing in § 1305 that provides a basis to disallow a proof of claim filed by a debtor on behalf of a creditor under § 501(c) of the Bankruptcy Code."  *In re Senczyszyn*, 426 B.R. 250, 256 (Bankr. E.D. Mich. 2010).  *See also* 11 U.S.C. § 1305(b) (stating that "a claim filed under subsection (a) of this section [by an entity that holds a claim against a debtor] shall be allowed or disallowed under section 502 of this title" but failing to explain what claims filed by a debtor will be allowed or disallowed).  So while Hight was not permitted to file her protective proof-of-claim under § 1305(a), this section did not also prohibit her from filing this claim pursuant to §§ 501(c) and 502(i).

Accordingly, we must determine whether Hight was permitted to file her protective proof-of-claim for her 2008 tax debt on Treasury's behalf under §§ 501(c) and 502(i).  Section 502(i) provides that:

> A claim that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(8) of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

§ 502(i).  Thus, a postpetition claim for a tax qualifying under § 502(i) is treated as if it was a prepetition claim.  In order for § 502(i) to apply, the underlying tax must be entitled to priority under § 507(a)(8).  This section defines the following as a priority claim:

> (A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition--
>> (i) for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
>> (ii) assessed within 240 days before the date of the filing of the petition, . . .
>> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

§ 507(a)(8)(A).

Treasury argues that Hight's tax debt does not fall within the scope of § 507(a)(8), while Hight asserts that the tax falls under subsections (i) and (iii).  Both parties agree that the claim at issue resulted from a tax "measured by income . . . for a taxable year ending on or before the date of the filing of petition."  The 2008 tax year ended prior to Hight's bankruptcy filing in January 2009.  *See* Mich. Comp. Laws § 206.24.

Treasury asks us to interpret the phrase "after three years before" used in § 507(a)(8)(A)(i) to mean that the taxing authority must have a claim for taxes for which the return was due within the three years before the bankruptcy petition was filed—only during this period and not beyond—which would exclude Hight's 2008 tax debt since her tax return was due after she filed for bankruptcy.  Treasury relies on language found in *Young v. United States*, in which the Supreme Court stated, "[i]f the IRS has a claim

for taxes for which the return was due *within* three years before the bankruptcy petition was filed, the claim enjoys eighth priority under § 507(a)(8)(A)(i). " in support of its argument. 535 U.S. 43, 46 (2002) (emphasis added). The *Young* Court, however, was not deciding the issue of whether the "three-year lookback period" under § 507(a)(8)(A)(i) excluded claims for taxes for which the return was due *after* the bankruptcy petition was filed. Rather, it was deciding whether this lookback period for the debtors' Chapter 7 petition was equitably tolled while their previous Chapter 13 petition was pending. *Id*. at 45–48. The *Young* Court was concerned about tax claims that potentially arose *earlier* than the three-year lookback date. It did not address the meaning of the provision for claims that arose *later* than the lookback date.

Treasury's attempt to stretch the meaning of this passage from *Young* to exclude claims for taxes that become due after the bankruptcy petition filing date is strained and ultimately without merit. First, contrary to Treasury's assertions, the plain meaning of the phrase "after three years before the date of filing the petition" includes *all* dates that occur after the date set three years before the filing of the bankruptcy petition, including those that occur after the date of the petition. The language does not limit the period exclusively to the three-year period between the lookback date and the date the petition was filed. *See In re Dixon*, 218 B.R. 150, 153 (B.A.P. 10th Cir. 1998) ("This assertion [that subsection (i) only covers taxes for which a return was due within the three-year period] misreads the provision. It actually applies when the return was last due *after*, not *within*, three years before the petition was filed.").

Moreover, to interpret § 507(a)(8)(A)(i) as Treasury argues would be to essentially read this subsection out of the Code when analyzing whether § 502(i) applies. Section 502(i) applies to a claim "that does not arise until after the commencement of the case for a tax entitled to priority under section 507(a)(8)." If § 507(a)(8)(A)(i) includes only claims that arise *before* the commencement of the bankruptcy case, as Treasury argues, no claims would ever qualify under both provisions. Under the construction urged by Treasury, these two provisions together would define a null set. A claim falling under Treasury's interpretation of § 507(a)(8)(A)(i) would always be

a prepetition claim, rendering the exception for certain postpetition tax claims under § 502(i) unnecessary.  Accordingly, we decline to adopt Treasury's proposed interpretation of the phrase "after three years before."  *See Nat'l Air Traffic Controllers Ass'n v. Sec'y of Dep't of Transp.*, 654 F.3d 654, 657 (6th Cir. 2011) (holding that a court must "mak[e] every effort not to interpret a [statutory] provision in a manner that renders other provisions of the same statute inconsistent, meaningless, or superfluous") (citations and internal quotation marks omitted) (first alteration in original).  Instead, we find that Hight's tax debt falls within the scope of § 507(a)(8)(A)(i) because it was a tax measured by income for a taxable year ending before the date of the filing of the petition and the return was due "after three years before the date of the filing of the petition"—*i.e.*, the return for her 2008 taxes was due after January 28, 2006.

Furthermore, Hight's tax debt falls within the scope of § 507(a)(8)(iii), which includes a tax measured by income "other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C)[3] of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case."  Michigan taxpayers whose income is in excess of the personal exemptions under the state tax code are required to self-assess by filing a tax return and remit any amount due "on or before the fifteenth day of the fourth month" following the close of the taxable year.  Mich. Comp. Laws §§ 206.315(1) and 206.311(1).  If a taxpayer fails or refuses to file a return by the due date (April 15th of the following year), Treasury "shall assess the tax against the taxpayer and notify the taxpayer of the amount of the tax."  *Id*. § 205.24(1).  Hight's 2008 Michigan state income taxes became assessable on April 15, 2009, after the commencement of her bankruptcy case on January 28, 2009.  Thus, Hight's 2008 tax debt qualifies under this §507(a)(8) provision as well.

Accordingly, because the 2008 tax debt is entitled to priority under § 507(a)(8), under both subsections (i) and (iii), Hight's postpetition protective claim filed on behalf of Treasury is treated under § 502(i) as if it were a prepetition claim.  A debtor is

---

[3]Section 523(a)(1)(B) refers to taxes for which a return was required but was not filed or was filed after the due date.  Section 523(a)(1)(C) refers to taxes for which the debtor made a fraudulent return or willfully attempted to evade.

permitted to file a prepetition claim on behalf of a creditor if the creditor fails to timely[4] file such a claim. § 501(c). The Code defines the term "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor" or as an "entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or ***502(i)*** of this title." § 101(10) (emphasis added). Thus, Hight's protective claim for her 2008 tax debt, filed on behalf of Treasury, was permitted under §§ 501(c) and 502(i). Moreover, this conclusion is consistent with § 1322(a)(2), which requires that a debtor's Chapter 13 plan "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title." § 1322(a)(2).

Finally, Treasury argues that if the district court's decision is allowed to stand, the permissive language of § 1305—providing that an entity that holds a claim for taxes that become payable while the case is pending *may* file a proof of claim—will be rendered a nullity. It argues that taxing authorities will be required to file § 1305 claims or risk having their claims discharged. While our decision interprets the Code to allow certain postpetition tax claims to be treated as if they arose prepetition and creates this risk for taxing authorities for certain tax debts, it does not render the permissive language of § 1305(a) a nullity. A tax on income for a taxable year that ended *after* the date of the filing of the petition would not qualify as a priority claim under § 507(a)(8) and thus would not qualify for treatment as a prepetition claim under § 501(i). For example, Hight would not have been able to file a protective proof of claim for her 2009 state tax liability under these same Code provisions, but Treasury would have had the option of filing (but would not have been required to file) a proof of claim for these taxes under § 1305(a) if they became payable while her bankruptcy case was still pending. Contrary to Treasury's arguments, our decision interprets the Code consistently and does not render the permissive language of § 1305(a) a nullity.

---

[4] The bankruptcy court noted in its opinion that there was a question as to whether Hight actually complied with separate procedural and timing requirements in filing her protective claim. *In re Hight*, 426 B.R. at 264 n.11. The bankruptcy court further noted that Treasury did not raise this issue in its objection, and therefore, the court did not address it in disposing of the case. *Id.* It does not appear that Treasury raised this issue before the district court, nor has it raised this issue in its briefs to this court.

III.

For the reasons provided above, we affirm the district court's judgment. The district court correctly interpreted the Bankruptcy Code in finding that § 1305 does not exclusively govern the filing of postpetition claims and that Hight was permitted to file a protective claim under § 501(c) because §§ 502(i) and 507(a)(8) establish that she could treat a postpetition claim for a tax debt arising from the immediately preceding tax year as if it were a prepetition claim.